Robert SHACKLEFORD, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 58865.

Missouri Court of Appeals, Western District.

May 7, 2001.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 3, 2001.

Application for Transfer Denied Aug. 21, 2001.

---

Sarah N. Weber, Asst. Public Defender, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Adriane D. Crouse, Asst. Atty. Gen., Jefferson City, for respondent.

RONALD R. HOLLIGER, Judge.

Appellant appeals the denial of his Rule 24.035 motion in which he sought relief from his conviction of one count of Robbery in the Second Degree, entered pursuant to a guilty plea entered on February 24, 1997. The motion court denied appellant's motion without an evidentiary hearing.

At the time of his guilty plea, Shackleford was serving a 46–month federal sentence for second-degree robbery. The terms of the plea agreement in this matter were that the charge against him would be reduced from the original charge of Robbery in the First Degree, and that Shackleford would be sentenced to a term of imprisonment of 10 years, to run concurrently with the federal sentence previously imposed upon him. Subsequently, Shackleford completed his federal sentence on April 30, 1999, and, rather than being placed upon parole, was delivered to the Missouri Department of Corrections on May 1, 1999, to serve the remainder of his state sentence. His pro se Rule 24.035 motion was timely filed on July 15, 1999.

Appellant argues on appeal that the motion court erred in denying his Rule 24.035 motion without hearing, because his guilty plea was unknowing and involuntary due to ineffective assistance of counsel. Specifically, Shackleford claims that his plea counsel misinformed him that he would not be required to serve any time on the state conviction upon completion of his federal sentence. He alleges that he would not have entered a guilty plea had he known that he would be transferred to state custody to serve the remainder of his state sentence after completion of his federal sentence.

This court's review of a lower court's ruling upon a Rule 24.035 motion is limited. The motion court's findings and conclusions are presumptively correct. *Huth v. State,* 976 S.W.2d 514, 516 (Mo. App.1998). This court cannot reverse the lower court's judgment unless the findings of facts and conclusions of law reached by the lower court are clearly erroneous. *Loudermilk v. State,* 973 S.W.2d 551, 553 (Mo.App.1998). That standard is met only when a review of the entire record leaves this court with a definite and firm impression that a mistake has been made. *See Huth,* 976 S.W.2d at 516.

In challenging a guilty plea, claims of ineffective assistance of counsel are immaterial unless they impinge upon the knowledge of the pleading party and the voluntariness with which the plea was made. *See Jenkins v. State,* 9 S.W.3d 705, 708 (Mo.App.1999). Further, for a claim of ineffective assistance of counsel to prevail, a two-part test must be satisfied. First, plea counsel must have "fail[ed] to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances." *State v. Clay,* 975 S.W.2d 121,

135 (Mo. banc 1998) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984)). Second, prejudice must be established through showing "a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *Id.*

Before reaching the merits of Shackleford's claims of ineffective assistance of counsel, this court must first address the threshold issue of whether the motion court properly refused to conduct an evidentiary hearing upon appellant's motion for postconviction relief. A motion court is only required to conduct an evidentiary hearing on a Rule 24.035 motion for postconviction relief when: "(1) movant alleges facts, not conclusions, which, if true, would entitle movant to relief; (2) the factual allegations are not refuted by the record; and, (3) the matters complained of prejudice the movant." *Loudermilk*, 973 S.W.2d at 553. To prevail, appellant bears the burden of proof to establish each element of this three-prong test.

Addressing the first prong of that test, a review of appellant's motion for postconviction relief reveals fact allegations that his plea counsel misled him concerning his eligibility for state parole upon completion of his federal sentence. As a general proposition, parole eligibility is a collateral circumstance of which a criminal defendant need not be advised to make that defendant's plea knowing and voluntary. *See Jenkins*, 9 S.W.3d at 712; *State v. Abernathy*, 764 S.W.2d 514, 516 (Mo. App.1989). However, if the defendant is grossly misinformed by his attorney regarding parole eligibility, and the defendant relies upon that misinformation, a claim of ineffective assistance of counsel may be meritorious. *Id.* Here, Shackleford alleged an affirmative act of misinformation by his plea counsel and that he would have refused to plead had he known

that he would not have been released upon completion of his federal sentence. These allegations, if true, would entitle movant to relief. Thus movant has alleged facts sufficient to satisfy the first prong of the tripartite test outlined above.

Turning to the second prong of the test, Shackleford must establish that the record before the motion court did not refute the allegations raised in his motion for postconviction relief. The record before the motion court included the transcript of appellant's guilty plea proceeding. That record reveals that the plea court interrogated the appellant regarding his understanding of the plea and the voluntariness of the plea. In response to a general inquiry by the plea court, the appellant stated his understanding that he would receive a 10–year sentence as a consequence of his plea. At no point did the issue of parole arise during the plea proceedings. However, the plea court asked appellant whether he had been made any promises outside of the plea agreement in exchange for his guilty plea. Appellant denied that any such promise had been made. Appellant was asked whether he needed additional time to confer with his counsel, and he stated that no additional time was needed. He also testified that he was satisfied with the services of his counsel and had no complaints regarding his representation.

The State contends that the plea record refutes Shackleford's allegation. We disagree. A negative response to a routine inquiry whether any promises other than stated on the record had been made is too general to encompass all possible statements by counsel to his client. The second prong of the test articulated in *Loudermilk* appears to be satisfied, given that the record before the trial court does not refute the appellant's allegations of fact.

To satisfy the remaining prong of the test, however, appellant must establish that he was prejudiced by the alleged ineffective assistance of counsel. To do so, appellant must establish a reasonable probability that, but for his plea counsel's errors, he would not have pleaded guilty and would instead have proceeded to trial. *Nunn v. State*, 23 S.W.3d 910, 913 (Mo. App.2000). Here, as appellant has alleged that he was misled by plea counsel, he must show that his belief in his plea counsel's statements was reasonable. *Id.* In other words, Shackleford is not entitled to a hearing unless there was a reasonable basis for him to believe the alleged representation by counsel. *Redeemer v. State*, 979 S.W.2d 565, 572 (Mo.App.1998). A defendant's mistaken belief about the terms of his sentence can vitiate his sentence only if it results from a positive representation upon which he is entitled to rely. *Johnson v. State*, 921 S.W.2d 48, 50 (Mo.App.1996). There can be no prejudice to Shackleford unless his belief was reasonable.

The record reflects that Shackleford at the time of his plea was serving a 46 month sentence pursuant to a plea in federal court in March 1996. The record does not reflect when he began serving that time. There is nothing in the plea record or the postconviction petition that indicates any anticipated release date from federal custody. Assuming that Shackleford completed, as he alleges, his federal sentence in April 1999, the question is whether it was reasonable for him to believe that he would only be required to serve 25 months on a 10–year Missouri conviction for robbery. We do not think such a belief was reasonable. Nor do we believe that if there was *no* anticipated federal release date at the time of his plea that it would be reasonable for Shackleford to believe that he would automatically be released from his obligation on his Missouri sentence no matter when the federal authorities would release him. Shackleford makes no claim that his time in federal corrections has not been credited toward his Missouri sentence.

This court's review of the entire record supports the trial court's denial of the motion for postconviction relief without evidentiary hearing. The judgment of the motion court is therefore affirmed.

PAUL M. SPINDEN, Chief Judge, and JAMES M. SMART, Jr., Judge, concur.