Frederick O. MARTIN, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 60177.

Missouri Court of Appeals,
Western District.

May 21, 2002.

Motion for Rehearing and/or Transfer to
Supreme Court Denied July 2, 2002.

Susan Lynn Hogan, Appellate Defender Office, Kansas City, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Anne E. Edgington, Asst. Atty. Gen., Jefferson City, for Respondent.

PAUL M. SPINDEN, Chief Judge.

Frederick O. Martin appeals the circuit court's judgment denying his Rule 24.035 motion for postconviction relief without an evidentiary hearing. He alleges that his motion averred factual allegations, which if proven, warranted relief and were not refuted by the record. In his motion for postconviction relief, Martin charged his attorney with ineffective assistance for promising him that he would serve only one to two years in prison before being released on parole. This, he asserted, induced him to plead guilty. We affirm the circuit court's judgment.

On November 23, 1998, Martin pleaded guilty to attempted forcible rape and sexual abuse. Martin testified at the guilty plea hearing that no one coerced or made any promises to him in exchange for his guilty plea. The circuit court sentenced Martin to concurrent prison terms of 10 years for attempted forcible rape and seven years for sexual abuse.

On January 13, 1999, Martin filed a *pro se* motion to vacate, set aside, or correct his judgment and sentence pursuant to Rule 24.035. On September 8, 1999, Martin's appointed postconviction counsel filed an amended Rule 24.035 motion. On May 23, 2001, the circuit court denied the motion without an evidentiary hearing. Martin appeals.

Martin asserted in his motion that his trial counsel was ineffective:

> Movant's private attorney ... provided ineffective assistance of counsel by promising Movant that if he accepted the state's plea offer and pled guilty, he would only serve a small portion of his sentence before being released on parole. [Attorney] told Movant that if he accepted the state's plea offer of ten and seven years run concurrently, Movant would only serve one or two years. Movant's guilty plea was based on [at-

torney's] representation that Movant would only serve a fraction of his sentence.

[Attorney] assured Movant that if he pled guilty, he would serve a year or two in prison, have a hearing before the parole board, and get released. [Attorney] told Movant that he had a friend on the parole board, and promised Movant that he would use this connection to secure Movant's quick release from prison. [Attorney] went so far as to give Movant a cell phone number, which [attorney] said was the parole board member's number.

■ Our review of the circuit court's ruling on a Rule 24.035 motion is limited to determining whether its findings and conclusions are clearly erroneous. Rule 24.035(k). To be entitled to an evidentiary hearing on a motion for postconviction relief, a movant must (1) allege facts—not conclusions—which, if true, would be the basis for relief in that they (2) establish that the movant's case was prejudiced and (3) the facts are not refuted by the record. *Coates v. State*, 939 S.W.2d 912, 914 (Mo. banc 1997). The circuit court may deny an evidentiary hearing if any of these elements are missing. *Wedlow v. State*, 841 S.W.2d 214, 216 (Mo.App.1992).

■ The record refuted Martin's claim that he was coerced into pleading guilty by his attorney's promise that he would serve only a year or two of his sentence before being released on parole. At the hearing on his guilty plea, Martin's attorney asked Martin:

Q. ... Now, are you pleading guilty because you are guilty and for no other reason?

A. Right.

Q. Has anyone told you how to answer these questions?

A. No.

Q. Anyone threatened you or your family?

A. No.

Q. Has anyone coerced you or made promises to you, other than the plea agreement?

A. No.

Martin also testified that he understood the sentences that would result from his guilty plea.

■ Martin expressly acknowledged that no promises other than the plea agreement had been made to him. He never mentioned at the guilty plea hearing that his attorney promised him that he would serve only one or two years of his sentence before being released on parole. Martin's plea, therefore, was knowing, intelligent and voluntary.

■ Generally, parole eligibility is a collateral consequence of a guilty plea, and counsel has no duty to inform a defendant about collateral consequences of a guilty plea. *Shackleford v. State*, 51 S.W.3d 125, 128 (Mo.App.2001). If, however, an attorney gives erroneous advice about parole eligibility, the erroneous advice may affect a guilty plea's voluntariness. *Beal v. State*, 51 S.W.3d 109, 112 (Mo.App.2001). This case, however, is not a case in which the movant is alleging that his counsel erroneously advised him of his parole eligibility. He is alleging instead that his attorney made a promise that induced him to plead guilty.

In *Shackleford*, the movant alleged that his plea counsel misled him concerning his eligibility for state parole upon completion of his federal sentence by telling him that he would not be required to serve any time on the state conviction when he completed the federal sentence. 51 S.W.3d at 127. At the plea hearing, the movant denied that any promises had been made outside of the plea agreement in exchange for his guilty plea. In regard to the allegations that plea counsel misinformed him about

parole eligibility, this court said, "A negative response to a routine inquiry whether any promises other than stated on the record had been made is too general to encompass all possible statements by counsel to his client."[1]  *Id.* at 128.

Martin's case, however, is distinguishable from *Shackleford* because it does not involve allegations of erroneous advice but involves allegations of promises being made in exchange for a guilty plea. Hence, the inquiry by Martin's attorney was directly on point. It asked the specific question that Martin seeks now to "back peddle" on: whether any promises had been made other than the plea agreement.

Martin's claim that his plea was not voluntary is refuted by the record, and his claim must fail. The circuit court, therefore, did not err in denying his Rule 24.035 motion without an evidentiary hearing. We affirm.

JAMES M. SMART, JR., Judge, and RONALD R. HOLLIGER, Judge, concur.

---

1. The Shackleford court concluded, however, that the circuit court did not err in denying the postconviction motion without an evidentiary hearing because the movant did not establish that he was prejudiced by the alleged ineffective assistance of counsel.  Id. at 129.