Leroy COLLINS, Appellant,

v.

**STATE of Missouri, Respondent.**

No. ED 94590.

Missouri Court of Appeals, Eastern District, Division One.

March 29, 2011.

Gwenda Renee' Robinson, District Defender Office, St. Louis, MO, for appellant.

Chris Koster, Dora A. Fichter, Jefferson City, MO, for respondent.

KENNETH M. ROMINES, J.

Leroy Collins (Collins) appeals the Judgment of the Circuit Court of the City of St. Louis, the Honorable Thomas C. Grady, presiding. Collins pleaded guilty to stealing a motor vehicle, Section 570.030.[1] Pursuant to an agreement with the State, Collins was sentenced to a term of seven years to run consecutively with his sentences in four other cases. At the plea hearing, the court assured Collins that he would receive credit for time served. Collins was incarcerated for 407 days before the disposition of all his charges. The Department of Corrections awarded him 243 days of credit on this case, stating that he was not eligible for credit for time served prior to the date of the offense. After receiving this notification, Collins filed a Rule 24.035 motion for ineffective assistance of counsel alleging that his plea counsel promised him that he would receive 407 days of time-served credit. The motion court denied the motion without an evidentiary hearing.

In his sole point on appeal, Collins argues that the motion court erred in denying his motion for post-conviction relief because his plea counsel made affirmative representations to him that he would receive 407 days of time-served credit and but for counsel's promise he would not have pleaded guilty but would have exercised his right to trial. Collins maintains that he should be allowed to withdraw his plea, his conviction and sentence should be vacated, and his case remanded for trial.

 This Court reviews the motion court's findings, conclusions and decisions under Rule 24.035 for clear error. *Shackleford v. State,* 51 S.W.3d 125, 127 (Mo. App. W.D.2001). The motion court's findings, conclusions and decisions are clearly erroneous only if review of the record as a

---

1. All statutory references are to RSMo (2008) unless otherwise indicated.

whole leaves this Court with the firm and definite impression that a mistake has been made. *Id.*

■ As a threshold issue, this Court must determine whether Collins was entitled to an evidentiary hearing. *Id.* at 128. An evidentiary hearing on a Rule 24.035 motion for post-conviction relief is only required when: (1) the movant alleges facts, not conclusions, which, if true, would entitle movant to relief; (2) the factual allegation are not refuted by the record; and (3) the matter complained of prejudiced the movant. *Id.* Movant bears the burden to prove each of the three prongs. *Id.* As Collins is able to satisfy all three prongs of the test, he is entitled to an evidentiary hearing.

■ As to the first prong, Collins may be entitled to relief if his attorney grossly misinformed him about the terms of his plea agreement, including time-served credit, and that he relied on that misinformation in making his decision to accept the plea agreement. *Id.* In his motion, Collins alleged an affirmative act of misinformation by his plea counsel and that he would not have pleaded guilty had he known that he would not receive the full 407 days of credit. Thus, Collins has alleged facts sufficient to satisfy the first prong of the tripartite test outlined above.

As to the second prong, Collins must establish that the record before the motion court did not refute the allegations raised in his motion for post-conviction relief. *Id.* Contrary to refuting his allegation, the transcript from the plea hearing directly supports it. The plea court assured Collins that he would receive credit for time served. The following exchange occurred at the plea hearing:

Q (Collins): Would I be getting jail time?

A (The Court): Absolutely. Jail time is allowed . . .

Given this exchange, Collins satisfied the second prong.

The State argues that because the discussion about time-served credit came after the guilty plea was accepted it could not have been part of the plea agreement and thus Collins could not have relied on it. The State's argument is disingenuous. The immediacy of the question following the plea, the form of the question and the court's response all indicate that the time-served credit was part both side's and the court's understanding of the terms of the plea agreement. The disposition of Collins' motion does not turn on the fact that he clarified the credit issue immediately after the court accepted his plea as opposed to immediately before.

■ Moving to the third prong, "[t]o satisfy the remaining prong of the test, however, appellant must establish that he was prejudiced by the alleged ineffective assistance of counsel. To do so, appellant must establish a reasonable probability that, but for his plea counsel's errors, he would not have pleaded guilty and would instead have proceeded to trial." *Id.* When a movant alleges that he was misled by plea counsel, to be entitled to a hearing he must show that counsel made a positive representation and his belief in counsel's representation was reasonable. *Id.* In this case, there were positive representations to Collins that he would receive time served credit. These representations were articulated clearly on the record and included in the written judgment. Given that the court assured Collins he would receive credit, his mistaken belief was reasonable. Collins alleged in his motion that but for this representation he would have exercised his right to trial. He satisfied the third prong.

It appears that the only true issue regarding Collins' motion is whether plea counsel promised him *some* time-served credit or 407 days of time-served credit.

If Collins was only promised some time-served credit, he was not prejudiced by counsel's actions because he actually received credit and cannot satisfy the second prong of the *Strickland* test for ineffective assistance of counsel. If he was promised 407 days by counsel, he may be entitled to withdraw his guilty plea and exercise his right to trial. Collins is entitled to an evidentiary hearing on this matter.

The case is reversed and remanded back to the motion court for an evidentiary hearing.

ROY L. RICHTER, C.J. and DAVID ASH, SP.J., concur.