**Nicolian M. GOLD, Appellant,**

v.

**STATE of Missouri, Respondent.**

No. SD 30608.

Missouri Court of Appeals, Southern District, Division Two.

May 6, 2011.

Ellen H. Flottman, Columbia, MO, for Appellant.

Chris Koster, Attorney General and Timothy A. Blackwell, Assistant Attorney General, Jefferson City, MO, for Respondent.

WILLIAM W. FRANCIS, JR., Judge.

Nicolian M. Gold ("Movant") seeks review of the motion court's denial of his amended motion for post-conviction relief. Movant alleges he was denied effective assistance of counsel. We affirm the order of the motion court.

### Facts and Procedural History

On February 8, 2007, Movant was charged by information with three counts of class A felony robbery in the first degree, by threatening the immediate use of a dangerous instrument in violation of section 569.020,[1] and one count of class C felony tampering in the first degree, by taking an automobile without the owner's consent in violation of section 569.080.1(2).

On May 23, 2007, Movant appeared with counsel, Mike Lutke ("Lutke"), before the trial court and entered pleas of guilty to each charge, pursuant to a written plea agreement. The plea agreement listed the charges as I, II, and III—robbery in the 1st degree, and IV—tampering with a motor vehicle in the 1st degree; and provided in part that:

> The following are all of the promises made to and on which [Movant] relies in being willing to plead guilty:
>
> 1. SENTENCE: 15 years Department of Corrections I, II & III
>
> 7 years Count IV
>
> Sentence Concurrent to: each count
>
> 2. PROBATION: State will oppose.
>
> . . . .
>
> 4. DISMISSALS AND CASES NOT TO BE FILED: 307CF1873

---

1. Unless otherwise indicated, all references to statutes are to RSMo 2000.

In the course of the guilty plea hearing, the trial court specifically recited the terms of the plea agreement. Movant testified he had two years of college, understood the plea agreement, had no questions about the agreement, and was completely satisfied with his attorney.

The prosecutor then explained the range of punishment for the charges to which Movant was pleading guilty, and also described the evidence that established a factual basis for Movant's guilty pleas. The range of punishment for each of the robberies included imprisonment from ten to thirty years, and the factual basis included Movant's admission that he committed all three robberies and stole the car.

Movant further testified:

The Court: Now Mr. Gold, I have marked as Court's Exhibit 1 your plea agreement. Is that your signature in the lower right-hand corner of that document?

[Movant]: Yes.

The Court: Does it contain all the promises that have been made to you for you to enter a plea of guilty?

[Movant]: Yes, Your Honor.

On September 28, 2007, Movant appeared in court with Lutke for sentencing. The trial court again briefly summarized the plea agreement, and Lutke then presented argument as to an appropriate sentence. Following the prosecutor's explanation of why the State opposed probation, Lutke argued for probation and included a request the trial court consider "120 treatment program" with other alternatives.

Following brief comments by Movant, the trial court then imposed sentence, declined to grant Movant probation, and sentenced Movant in accordance with the plea agreement—fifteen years in prison for each robbery and seven years in prison for tampering—with the sentences to run concurrently.

The trial court then advised Movant of his right to file a post-conviction motion; Movant again admitted Lutke did everything Movant asked, there were no promises made in exchange for his guilty plea other than his plea agreement, and he was completely satisfied with Lutke.

On March 6, 2008, Movant filed his motion for post-conviction relief. Counsel was appointed to represent Movant, and filed an amended motion for post-conviction relief on July 23, 2009. On May 13, 2010, the motion court conducted an evidentiary hearing on the motion. Movant was the sole witness at the hearing.

On direct examination, Movant testified "[Lutke] pretty much—pretty much has said that if I was to accept that plea, then most likely I would get a 120 shock or drug treatment," and "I didn't think I was going to serve any time. I—I thought I was assured that I was going to get the 120 and drug treatment."

On cross-examination, Movant admitted:

[Prosecutor]: And do you remember the Court going over the plea agreement with you, the written plea agreement?

[Movant]: I know he mentioned it like—What do you mean?

[Prosecutor]: When your plea hearing started, the court mentioned that you were pleading guilty to three Class A felonies of robbery in the first degree and the Class C felony of tampering in the first degree, and that the plea agreement was for 15 years.

[Movant]: Yes.

. . . .

[Prosecutor]: There was nothing on that written plea agreement about a 120, correct?

[Movant]: On the—

[Prosecutor]: On the plea agreement.

[Movant]: No.

[Prosecutor]: Okay. The only thing indicated on there was that the State was going to oppose probation.

[Movant]: Yes.

[Prosecutor]: Did you understand what that meant, that the State was going to argue for you to go to the Department of Corrections?

[Movant]: Yes.

[Prosecutor]: And did you understand that it was up to the judge to determine whether or not you got probation or whether or not you were going to go to the Department of Corrections?

[Movant]: Yes.

[Prosecutor]: So you understood it was not up to Mr. Lutke?

[Movant]: Yeah, but—

[Prosecutor]: So yes?

[Movant]: Yes.

On August 24, 2010, the motion court entered a written order denying Movant's motion. The order stated in part:

With regard to Movant's claim regarding the 120, this claim is directly disputed by the record. The signed plea agreement says nothing about a 120. The transcript reflects that the Court went over the plea agreement with Movant and [Lutke] prior to the plea of guilty being entered, and nothing was stated about a 120. With regard to the signed plea agreement, the Court specifically inquired of the [M]ovant, "does it contain all the promises that have been made to you for you to enter a plea of guilty?" Movant replied "Yes, Your Honor." Movant further admitted at the evidentiary hearing that he underst[ood] that [Lutke's] strategy at sentencing was that he would ask for a

120, not that he was promised a 120 by the State or by the court. Therefore, this claim is DENIED.

(Transcript references omitted).

Movant's sole point relied on in this appeal is that the motion court clearly erred in denying Movant's motion for post-conviction relief "because he was denied effective assistance of counsel ... in that [Lutke] advised [Movant] that if [Movant] entered a plea of guilty to the charges, [Movant] would likely receive 120 day shock, and had [Movant] known he was not guaranteed that sentence, [Movant] would not have pleaded guilty." The sole issue for our determination is whether Movant was denied effective assistance of counsel because he was misled into believing he would receive a 120–day shock treatment program.

### Standard of Review

Our review of a denial of a post-conviction motion under Rule 24.035[2] is limited to a determination of whether the motion court's findings of fact and conclusions of law are clearly erroneous. *Conley v. State*, 301 S.W.3d 84, 87 (Mo.App. S.D. 2010). The motion court's findings and conclusions are clearly erroneous only if, after review of the record, the appellate court is left with the definite and firm impression a mistake has been made. "Movant has the burden to show by a preponderance of the evidence that the motion court clearly erred in its ruling." *Conley*, 301 S.W.3d at 87.

Determinations concerning credibility are exclusively for the motion court which is free to believe or disbelieve any evidence, whether contradicted or undisputed, and we defer to the credibility determinations of the motion court. *Mendez*

**2.** All rule references are to Missouri Court Rules (2010).

*v. State,* 180 S.W.3d 75, 80 (Mo.App. S.D. 2005); and *Conley,* 301 S.W.3d at 90.

## Analysis

■ To prevail on a claim of ineffective assistance of counsel, movant must show counsel's representation fell below an objective standard of reasonableness and that, as a result, movant was prejudiced. Movant must show but for the conduct of his trial attorney about which he complains, he would not have pleaded guilty but would have insisted on going to trial. " 'If either the performance or the prejudice prong of the test is not met, then we need not consider the other, and Movant's claim of ineffective assistance of counsel must fail.' " *Chaney v. State,* 223 S.W.3d 200, 206 (Mo.App. S.D.2007) (quoting *Patrick v. State,* 160 S.W.3d 452, 455 (Mo.App. S.D.2005)). "Where, as here, there is a negotiated plea of guilty, a claim of ineffective assistance of counsel is immaterial except to the extent it impinges upon the voluntariness and knowledge with which the guilty plea was made." *Id.* (internal quotation omitted). "Movant bears the burden of proving his post-conviction claims, including a claim of ineffective assistance of counsel, by a preponderance of the evidence." *Id.*

In this case, Movant clearly failed to prove his claim of ineffective assistance of counsel. The motion court found Movant admitted at the evidentiary hearing on his post-conviction motion that he understood his counsel's strategy was to ask for a 120–day shock treatment program, and not that he was promised a 120–day shock treatment program by the State or the court. Deferring as we must to the motion court's credibility determinations, this finding of fact is clearly supported by the record including: (1) Movant's testimony on direct examination that "if I was to accept that plea, then most likely I would get a 120 shock or drug treatment," (2) Movant's testimony on cross-examination that he understood the State was going to argue for him to go to the Missouri Department of Corrections ("DOC") and it was up to the judge, not his attorney, whether Movant got probation or went to the DOC, (3) Movant's written plea agreement that required a lengthy term of imprisonment and provided the State would oppose probation, and (4) the fact this finding reflects the strategy Movant's counsel pursued at Movant's sentencing—probation or, in the alternative, "120 treatment program," in Movant's presence and without objection by Movant.

Movant suggests he had an expectation of a lesser sentence based on his counsel's prediction as to sentencing. Neither a disappointed expectation of a lesser sentence, nor a mere prediction as to sentencing by counsel that proves incorrect, is sufficient to render a guilty plea involuntary. *Mendez,* 180 S.W.3d at 79; *Chaney,* 223 S.W.3d at 207.

■ Moreover, if Movant's belief rose to more than an expectation of a lesser sentence, Movant was not entitled to rely on his belief because it was not reasonable. Movant had more than a minimum education and pled guilty pursuant to a plea agreement that required a sentence of fifteen years in prison and provided that the State would oppose probation. The crimes to which Movant pled guilty were three robberies in the first degree by threatening the immediate use of a dangerous instrument, and tampering with an automobile. The evidence included admissions by Movant to all four crimes. Movant had prior convictions, and as Lutke acknowledged in his argument at sentencing, "the case of robbery first, it is unusual for any defense attorney to get up here and argue and ask for probation, but this is a rare

case, Judge, where I think it is actually appropriate here."

On this record, any belief Movant had that he was "guaranteed" or "assured" a 120–day shock treatment program was unreasonable and is insufficient to support post-conviction relief based on ineffective assistance of counsel. *See Mendez,* 180 S.W.3d at 79–80; *Conley,* 301 S.W.3d at 88–90; and *Shackleford v. State,* 51 S.W.3d 125, 129 (Mo.App. W.D.2001).

The fact that Movant's alleged "guaranteed" or "assured" sentence was a promise that should have been disclosed in response to the motion court's specific questions about other promises, distinguishes this case from *Hao v. State,* 67 S.W.3d 661, 663 (Mo.App. E.D.2002); *Reid v. State,* 192 S.W.3d 727, 733 (Mo.App. E.D.2006); and *Shackleford,* 51 S.W.3d at 128, all relied on by Movant. In *Hao, Reid* and *Shackleford,* the claim of ineffectiveness of counsel was erroneous advice with respect to the defendant's eligibility for parole, and not a promise as to the sentence the defendant would receive. The plea and sentencing court did not ask about other promises in *Hao,* but did ask in both *Reid* and *Shackleford.* The appellate courts in *Reid* and *Shackleford* both concluded that general questions about other promises were insufficient to elicit statements by counsel with respect to the defendant's eligibility for parole. As a result, the defendant's negative responses in *Reid* and *Shackleford* to questions about other promises did not refute the existence of statements by counsel with respect to the defendant's parole eligibility. In this case, Movant's "guaranteed" or "assured" sentence was a promise that should have been elicited by the plea and sentencing court's questions about other promises; Movant's negative responses refute the existence of Movant's claimed "guaranteed" or "assured" sentence.

Movant was not denied effective assistance of counsel and was not misled into believing he would receive a 120–day shock treatment program. The motion court's findings of fact and conclusions of law are fully supported by the record, and we are not left with the definite and firm impression that a mistake has been made.

The order of the motion court is affirmed.

SCOTT, C.J., and RAHMEYER, P.J., Concur.