

# In the Missouri Court of Appeals
# Eastern District

## DIVISION TWO

| | | |
|---|---|---|
| DEANTE L. HARRIS, | ) | No. ED103074 |
| | ) | |
| Movant/Appellant, | ) | Appeal from the Circuit Court of |
| | ) | the City of St. Louis |
| vs. | ) | |
| | ) | Honorable Bryan L. Hettenbach |
| STATE OF MISSOURI, | ) | |
| | ) | Filed: August 2, 2016 |
| Respondent. | ) | |

## Introduction

Deante Harris (Movant) appeals the motion court's denial, without an evidentiary hearing, of his Rule 24.035[1] amended motion for post-conviction relief. In his sole point relied on, Movant contends that the motion court erred by denying his motion for post-conviction relief without an evidentiary hearing because he pleaded facts unrefuted by the record that counsel improperly assured him he would receive eight to ten years' imprisonment in exchange for pleading guilty, thus making the plea involuntary, and that, but for counsel's deficient performance, Movant would have instead proceeded to trial. We affirm.

## Factual Background

In November of 2011, Movant and an accomplice, Laron Eason, forcibly robbed three men and attempted to forcibly rob two others at gun point. Movant was indicted on three counts of first-degree robbery, two counts of attempted first-degree robbery, and five counts of armed

---

[1] Unless otherwise noted, all reference to Rules are to the Missouri Supreme Court Rules (2015).

criminal action in January 2012. Movant entered a blind[2] plea of guilty to all charges in May 2013. The court accepted the plea and, at a later hearing, sentenced Movant to twenty years' imprisonment for each count of first-degree robbery; twenty years for each count of armed criminal action; and fifteen years for each count of attempted robbery, with all sentences to run concurrently.

In April 2014, Movant filed a *pro se* Rule 24.035 motion for post-conviction relief. Counsel was appointed and filed an amended motion alleging that plea counsel "failed to meet the standard of a reasonably competent attorney under similar circumstances [because he] improperly advised Movant that if he pleaded guilty and left sentencing up to the plea [court], he . . . should do no worse than ten years imprisonment" and that "[h]ad Movant known that plea counsel should not have assured him that he would not do worse than ten years' imprisonment, [Movant] would have taken his case to trial." The motion court denied the motion without an evidentiary hearing, finding that the record refutes Movant's claim "because he knew at the time his pleas were accepted that ten years was the minimum, that his sentences were up to the Court and the Court was not bound by either the State's or defense counsel's recommendation, and he knew he could receive up to 120 years plus . . . ." This appeal follows.

**Standard of Review**

A Rule 24.035 post-conviction motion is reviewed for clear error. Rule 24.035(k). "We presume that the motion court's findings and conclusions are correct." *Clay v. State*, 297 S.W.3d 122, 124 (Mo. App. E.D. 2009). Its findings and conclusions are clearly erroneous only if, after reviewing the entire record, we are left with the definite and firm impression that a mistake has been made. *Mullins v. State*, 262 S.W.3d 682, 684 (Mo. App. E.D. 2008). A motion court is not required to hold an evidentiary hearing unless "(1) the motion . . . allege[s] facts, not conclusions, warranting relief; (2) the facts alleged must not be refuted by the files and records

---

[2] Movant's plea was "blind" because there was no plea agreement between Movant and the State.

2

of the case; and (3) the allegations must have resulted in prejudice." *Wilkes v. State*, 82 S.W.3d 925, 928 (Mo. banc 2002). The motion court must deny an evidentiary hearing if it determines that the record conclusively establishes the movant is not entitled to relief. Rule 24.035(h).

## Discussion

In his sole point, Movant contends that the motion court clearly erred by denying his motion for post-conviction relief without an evidentiary hearing because he pleaded facts unrefuted by the record that plea counsel was ineffective for improperly assuring Movant he would receive eight to ten years' imprisonment in exchange for pleading guilty. Movant maintains that plea counsel's performance rendered his guilty plea involuntary and unknowing, and, but for plea counsel's assurances, Movant would not have pleaded guilty but would have proceeded to trial. In response, the State asserts that the motion court did not clearly err by denying Movant's motion without an evidentiary hearing because the record refutes Movant's claim that plea counsel's performance was ineffective.

To be entitled to an evidentiary hearing, a movant must demonstrate that "counsel's performance was deficient and that this deficiency prejudiced the defense." *State v. Smith*, 353 S.W.3d 1, 3 (Mo. App. E.D. 2011). By pleading guilty, "a movant waives any claim that [plea] counsel was ineffective except to the extent that counsel's conduct affected the voluntariness and knowledge with which the plea was made." *Nichols v. State*, 409 S.W.3d 566, 569 (Mo. App. E.D. 2013) (citation and quotations omitted). In order to demonstrate prejudice, a movant must illustrate that absent counsel's errors he would have insisted on proceeding to trial rather than pleading guilty. *Smith*, 353 S.W.3d at 3.

A movant's guilty plea is entered knowingly if he "had sufficient awareness of the relevant circumstances and likely consequences of the act." *Whitehead v. State*, 481 S.W.3d 116, 123 (Mo. App. E.D. 2016). Mistaken beliefs about sentencing may affect, to an extent, a movant's ability to knowingly enter a guilty plea. *Lynn v. State*, 417 S.W.3d 789, 801 (Mo. App.

E.D. 2013). That is, "even if Movant established that counsel made misleading statements that caused him to have a mistaken belief about his sentence, he would be entitled to relief only if his belief was reasonable." *Id.* Where a defendant affirms that he understands the full consequences of entering a guilty plea, including that the court may assess a sentence up to the full range of punishment at its discretion, any mistaken belief remaining about the potential sentence is unreasonable. *Id.*; *see also Zarhouni v. State*, 313 S.W.3d 713, 716 (Mo. App. W.D. 2010); *Porter v. State*, 480 S.W.3d 455, 459 (Mo. App. W.D. 2016).

At the plea hearing, the following exchange occurred:

[THE COURT]: Has anybody forced you in any way to get you to -- get you to plead guilty today?

[MOVANT]: No, sir.

[THE COURT]: And has anybody promised you anything in return for your guilty plea today?

[MOVANT]: No, sir.

\* \* \*

[THE COURT]: All right. Mr. Harris, do you understand that on the classified felonies, the A and B felonies, you could get -- on the A felonies, thirty years on each of three counts. And on the B felonies, fifteen years on each of two counts. For a total of 120 years if they ran one after the other. Do you understand that?

[MOVANT]: Yes, sir.

[THE COURT]: Do you understand that on the armed criminal action counts, the minimum is three years to be actually served as three full years, and the maximum is an unlimited or unclassified number of years? Do you understand that?

[MOVANT]: Yes, sir.

[THE COURT]: Do you understand those years could run on top of your 120 years, so you could have 120 plus on top of that? Do you understand that?

[MOVANT]: Yes, sir.

\* \* \*

[THE COURT]: **And knowing that you could get 120 years plus, knowing that I will be the one who will sentence you, knowing that you stand here today with no deal and no promises made, do you still want to plead guilty today?**[3]

[MOVANT]: Yes, sir.

[THE COURT]: Has your lawyer done everything that you have asked him to do?

[MOVANT]: Yes, sir.

[THE COURT]: Have you thoroughly discussed your case with your lawyer so he can best represent you?

[MOVANT]: Yes, sir.

[THE COURT]: Do you have any complaints about your lawyer's services?

[MOVANT]: No, sir.

[THE COURT]: Is there anything about his representing you or his failure to represent you that you need to tell me about?

[MOVANT]: No, sir.

The court then accepted Movant's guilty plea as voluntary and expressed that Movant understood his actions.

During the later sentencing hearing, after receiving his sentence, Movant expressed dissatisfaction with plea counsel's performance:

[THE COURT]: Has [plea counsel] done what you have asked him to do?

[MOVANT]: No.

[THE COURT]: In what way has he failed to do what you have asked him to do?

[MOVANT]: The outcome, the outcome of the sentence.

[THE COURT]: Has he fully explained your rights to you?

[MOVANT]: Yes.

[THE COURT]: Do you have any complaints about your lawyer other than what you've told me about, any other complaints?

[MOVANT]: No.

---

[3] Emphasis added.

Movant asserts that the facts of the instant case warrant relief because the plea court did not specifically ask what plea counsel told him he would receive upon pleading guilty. Movant argues that his dissatisfaction was expressed at the first possible opportunity, and his general answers to the plea court's routine inquiries cannot serve to refute his claim.

It is true that "[a] negative response to a routine inquiry regarding whether any promises or threats had been made to induce a guilty plea is too general to encompass all possible statements by counsel to his client." *Conger v. State*, 356 S.W.3d 217, 222 (Mo. App. E.D. 2011) (citation and quotations omitted). However, Movant affirmed that no threats forced him to plead guilty and that no promises had been made to him in exchange for his plea. Movant likewise confirmed that he had sufficient time to discuss the issue with his counsel and that he was satisfied with counsel's performance. Moreover, Movant affirmed that he: understood it was possible for him to receive 120 years' imprisonment or more; was aware that ten years' imprisonment was the minimum sentence; and the court was not bound by either plea counsel's or the State's recommendation. Despite ample opportunity, Movant never indicated his plea was the result of any assurance or guarantee made by plea counsel. Therefore, the record reflects that any mistaken belief Movant had that he would receive eight to ten years' imprisonment is unreasonable.

Movant's contention that he could not affirmatively answer whether he had been promised a specific sentence by either his attorney or the State because he had only been given an "inexact assurance" of a sentencing "range" is groundless. An alleged sentencing range of eight to ten years is very specific in the context of this case, where the potential punishment begins at ten years and could exceed 120 years. "Movant's alleged 'guaranteed' or 'assured' sentence was a promise that should have been disclosed in response to the [plea] court's specific questions about other promises." *Gold v. State*, 341 S.W.3d 177, 182 (Mo. App. S.D. 2011). A trial judge is not required to read off a lengthy list of "synonyms" in order to inform the

6

defendant to advise the court of any attempt by anyone to cause the defendant to enter a guilty plea against his or her will. *Nesbitt v. State*, 335 S.W.3d 67, 70 (Mo. App. E.D. 2011).

Furthermore, while it is true that Movant ultimately expressed dissatisfaction with the outcome of the sentence, he indicated no other issues with plea counsel. As it pertains to an outcome, "[n]either a disappointed expectation of a lesser sentence, nor a mere prediction as to sentencing by counsel that proves incorrect, is sufficient to render a guilty plea involuntary." *Gold*, 341 S.W.3d at 181.

Under the circumstances, the record clearly refutes Movant's claim that plea counsel's improper assurance rendered his guilty plea involuntary and unknowing. Accordingly, no evidentiary hearing was required and the motion court did not err by denying Movant's post-conviction motion without an evidentiary hearing. Point denied.

**Conclusion**

The judgment is affirmed.

_____
Philip M. Hess, Chief Judge

Gary M. Gaertner, Jr., J. and
Angela T. Quigless, J. concur.

7