

# In the Missouri Court of Appeals
# Eastern District

## DIVISION THREE

| | |
|---|---|
| LAWRENCE M. PHILLIPS, | ) No. ED109546 |
| | ) |
| Appellant, | ) Appeal from the Circuit Court of |
| | ) St. Louis County |
| vs. | ) |
| | ) Honorable John D. Warner, Jr. |
| STATE OF MISSOURI, | ) |
| | ) |
| Respondent. | ) Filed: November 16, 2021 |

## Introduction

Lawrence Phillips ("Movant") appeals the motion court's denial of his Rule 24.035[1] motion without an evidentiary hearing following his guilty plea and sentence of nine years in the Missouri Department of Corrections ("DOC") for second-degree robbery. Movant raises one Point on appeal. Movant alleges the motion court clearly erred denying him an evidentiary hearing, finding the record refuted Movant's claim his plea counsel was ineffective for misadvising him about how much of his sentence he would have to serve before becoming eligible for parole.

We reverse.

---

[1] All Rule citations are to the Missouri Supreme Court Rules (2020), unless otherwise indicated.

## Factual and Procedural Background

On July 15, 2019, Movant pled guilty as a prior and persistent offender to one count of second-degree robbery. Movant's plea was blind; that is, he rejected the State's offer of an eleven-year sentence in the DOC. There was no plea agreement with the State. Movant testified he wanted the plea court to decide his sentence, his plea was voluntary, no one made any promises about the length of his sentence, and he had no complaints with plea counsel's representation. The plea court sentenced Movant to nine years in the DOC, concurrent with another four-year sentence he was already serving for a separate offense.

On October 11, 2019, Movant timely filed his *pro se* Rule 24.035 motion, alleging his guilty plea was based on plea counsel's misadvice and was therefore involuntary. The motion court appointed the Office of the Public Defender to represent Movant on October 17, 2019. Movant timely filed his amended motion and request for evidentiary hearing on January 21, 2020. In his amended motion, Movant alleged plea counsel misadvised him about how long he would have to serve in the DOC before becoming eligible for parole. Movant claimed plea counsel told him he could expect to become eligible for parole after serving "three to four years" of his nine-year sentence. Movant alleged when he arrived at the penitentiary, he learned plea counsel's parole eligibility calculation was incorrect and he would have to serve at least 80% of his nine-year sentence.

Movant asserted he would not have agreed to a blind plea, but-for plea counsel's inaccurate calculation of his parole eligibility. Specifically, Movant claimed plea counsel's advice was material to his decision to plead guilty because he had four years remaining on his other sentence and, under plea counsel's estimate, pleading guilty in the underlying case would not have significantly lengthened his total expected sentence. Movant claimed he understood

2

plea counsel's calculation was limited to when he would be eligible for a parole hearing, not whether parole would be granted.

In his amended motion and request for evidentiary hearing, Movant alleged plea counsel would testify he calculated Movant would become parole-eligible after serving approximately 40% of his sentence. Movant also stated plea counsel would testify he was confident in his calculation and shared it with Movant's ex-wife, who encouraged Movant to plead guilty based on the calculation. Movant argued his plea was involuntary because plea counsel "grossly misinformed" him of his parole eligibility and Movant relied on counsel's misinformation in his decision to plead guilty.

The motion court denied Movant's request for evidentiary hearing on March 13, 2020. On February 20, 2021, the motion court entered judgment denying Movant's claims, finding they were refuted by the record. The motion court relied on Movant's testimony at his plea hearing. Specifically, the motion court noted (1) Movant denied receiving any promises about his sentence except that the plea court would decide the length of his sentence and (2) Movant answered "no" to the plea court's question: "Has your attorney or anyone else told you how long you will be confined or have to serve in the penitentiary if the Court accepts your plea and imposes a sentence of confinement?"

The motion court concluded the record refuted Movant's claimed reliance on plea counsel's parole calculation. This appeal follows. Additional factual and procedural history will be provided as necessary to address Movant's claims.

### Standard of Review

We review the denial of a motion for post-conviction relief for clear error. *Dorsey v. State*, 448 S.W.3d 276, 282 (Mo. banc 2014); Rule 24.035(k). The motion court's findings are

clearly erroneous if, "after a review of the entire record, the reviewing court is left with the definite and firm impression that a mistake has been made." *Id*. We presume the motion court's findings and conclusions are correct. *Figgins v. State*, 469 S.W.3d 469, 472 (Mo. App. W.D. 2015).

The motion court need only conduct an evidentiary hearing if the movant (1) alleges facts, not conclusions, which, if true, would entitle movant to relief; (2) the factual allegations are not refuted by the record; and, (3) the matters complained of prejudice the movant." *Shackleford v. State*, 51 S.W.3d 125, 128 (Mo. App. W.D. 2001).

**Discussion**

*Point I: Plea Counsel's Parole Calculation*

The motion court found Movant's claim he relied on plea counsel's parole eligibility calculation was refuted by the record. The court primarily relied on the following exchange at the plea hearing:

> THE COURT: All right. Has your attorney or anyone else told you how long you
>
> will be confined or have to serve in the penitentiary if the Court accepts your plea
>
> and imposes a sentence of confinement?
>
> THE DEFENDANT: No, sir.

Movant argues the plea court's question was too general to establish he did not rely on plea counsel's parole calculation, noting parole was not explicitly addressed at the plea hearing. Movant relies on *Shackleford* to argue the plea court's question was a "routine inquiry . . . too general to encompass all possible statements by counsel" or "refute [Movant's] allegations of fact." 51 S.W.3d at 128. Like *Shackleford*, Movant reasons the plea court's question did not refute the facts pled in his amended motion.

4

Movant also relies on *Webb v. State* to argue plea counsel was not required to calculate his expected parole eligibility but, "where counsel misinforms the client as to the effects of the client's plea, the counsel has rendered ineffective representation" and the client "is entitled to an evidentiary hearing." 334 S.W.3d 126, 127 (Mo. banc 2011). Movant reasons he is entitled to an evidentiary hearing under *Webb* because he pled facts establishing he relied on plea counsel's erroneous parole calculation in pleading guilty. *Shackleford*, 51 S.W.3d at 128.

The State argues the motion court did not clearly err by finding Movant's allegations were refuted by the record. The State underscores the motion court's reliance on the plea court's question, "has your attorney or anyone else told you how long you will be confined *or have to serve* in the penitentiary?" (emphasis added). The State acknowledges while neither the plea court nor counsel must inform the defendant about parole eligibility, "erroneous advice about it can affect the voluntariness of the plea." *Hao v. State*, 67 S.W.3d 661, 663 (Mo. App. E.D. 2002). The State argues the plea court's question whether anyone told Movant "how long [he] will be confined or have to serve" was implicitly directed at Movant's understanding of his eligibility for parole and reasons the record therefore refutes his claim because Movant denied being told how long he should expect to be confined.

Alternatively, the State argues Movant did not establish he would not have pled guilty but-for plea counsel's misadvice. The State focuses on Movant's admission the State's recitation of facts underlying his charge were substantially true and he was pleading guilty because he committed the alleged offense.

Criminal defendants have a Sixth Amendment right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 669 (1984). To establish counsel was ineffective, movants must establish (1) counsel failed to exercise the customary skill and diligence that a

5

reasonably competent attorney would perform under similar circumstances; and (2) counsel's errors were prejudicial. *Id.* In a guilty plea, a claim of ineffective assistance of counsel is immaterial "except to the extent that the conduct affected the voluntariness and knowledge with which the plea was made." *Worthington v. State*, 166 S.W.3d 566, 573 (Mo. banc 2005). Movant had to show "but for counsel's error, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52 (1985).

The Missouri Supreme Court's decision in *Webb* is dispositive. The *Webb* Court stated "allegations that the defendant's attorney misinformed him as to parole eligibility are not conclusively refuted by the record where no mention is made of parole eligibility." 334 S.W.3d at 129-30 (internal citations omitted). The *Webb* Court further noted an attorney's advice is not the same as a promise and "a defendant can say correctly that he was promised nothing, but this does not mean he was given correct advice as to the effects of his plea." *Id*. at 130. As in *Webb*, no mention of parole was made at the plea hearing and Movant's only information about his parole eligibility was plea counsel's alleged calculation. *Id*. at 130-31.

The record does not refute Movant's claims because "a negative response to a routine inquiry [is not] sufficient to refute the record." *Id*. at 130. The plea court's confinement question was a routine inquiry. The State cites no authority supporting its position parole eligibility was implicit in the plea court's questions or that the motion court may assign implicit meaning to routine inquiries. The State's position contradicts the *Webb* Court's statement a movant's claims about counsel's advice regarding parole "are not conclusively refuted by the record where no mention is made of parole eligibility." *Id*. at 129-30. Further, questioning Movant whether his attorney told him how long he would be confined or serve *in the*

6

*penitentiary* does not refute whether his attorney told him when he would be *eligible* for parole. As Movant concedes, parole eligibility does not assure being paroled.

Movant pled facts establishing plea counsel's misadvice affected the voluntariness of his plea because plea counsel told him he would be eligible for parole at approximately the same time his other, concurrent sentence expired. *See Worthington*, 166 S.W.3d at 573. Movant's claims were not refuted by the record, and he is therefore entitled to an evidentiary hearing regarding the voluntariness of his plea. *Shackleford*, 51 S.W.3d at 128.

Point I is granted.

## Conclusion

We reverse and remand for the motion court to conduct an evidentiary hearing for the claims in Movant's amended Rule 24.035 motion.

_____
Philip M. Hess, Presiding Judge

Angela T. Quigless, Judge and
Colleen Dolan, Judge concur.

7