**William GRACE, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 93439.**

Missouri Court of Appeals,
Eastern District,
Division Four.

June 15, 2010.

Jessica M. Hathaway, St. Louis, MO, for appellant.

Chris Koster, John W. Grantham, Jefferson City, MO, for respondent.

GARY M. GAERTNER, JR., Judge.

*Introduction*

William Grace (Movant) appeals from the motion court's judgment denying, with-

out an evidentiary hearing, his amended motion under Rule 24.035[1] to Vacate, Set Aside, or Correct Judgment and Sentence and Request for Evidentiary Hearing. We affirm.

## Background

Movant was charged as a prior and persistent offender with first-degree statutory rape of a person less than 14 years of age, pursuant to Section 566.032[2] (Count I); first-degree statutory sodomy of a person less than 14 years of age, pursuant to Section 566.062 (Count II); first-degree child molestation, pursuant to 566.067 (Count III); and exposing another person to HIV infection without knowledge or consent, pursuant to Section 191.677 (Count IV). The State entered a nolle prosequi on Count III. On October 9, 2007, Movant's trial began; however, on October 10, he pleaded guilty pursuant to *North Carolina v. Alford.*[3]

During the guilty-plea hearing, the State testified that it would have proven beyond a reasonable doubt that Movant, at the age of 34, had sexual intercourse with Victim, who was then eight years old. Specifically, Victim told her mother that while she was in the laundry room with Movant, he pulled down her pants, touched her genitals, and then put his penis between her legs touching her genitals and ejaculated. Victim stated that there was partial penetration. DNA seized from Victim's underpants was an identity match to Movant. At the time of the assault, Movant was HIV positive. During sentencing, the State further stated that Movant's seminal fluid was found covering the entire crotch of Victim's underpants, and that a physical examination of Victim within 24 hours of the incident revealed redness in her vaginal area, which the doctor would have testified was consistent with a penis rubbing against it. The court found that a factual basis for the charges was established.

Also during the guilty-plea hearing, the trial court initially rejected Movant's *Alford* plea after Movant stated that he "[did not] know" whether there was a "substantial likelihood that [a jury] would find [him] guilty of [the] charges," that the reason he was pleading guilty was because he did not want to get life in prison, and that he "[did not] know" why it would be better to plead guilty than go to trial. The court noted an off-the-record conversation occurred in which Movant stated that he was being forced to plead guilty.

His plea counsel requested to speak with Movant off the record. Subsequently, Movant stated he had been confused during the earlier questioning; rather, he believed that he stood a "better chance of getting a better result" from the judge than from a jury, that there was enough evidence for a jury to find him guilty of the charges even though he denied their truth, and that it was in his best interests to plead guilty. Plea counsel stated that he informed Movant it was "more likely than not" that Movant would be found guilty; and that while Victim's mother had initially been willing to offer favorable testimony on Movant's behalf, she had changed her mind before trial.

Movant then confirmed that no promises had been made to him regarding the judge's decision or the sentence, and that he understood the range of punishment for each of the charges: a minimum of five

---

1. All rule references are to Mo. R.Crim. P.2010, unless otherwise indicated.

2. All statutory references are to RSMo 2004, unless otherwise indicated.

3. *North Carolina v. Alford,* 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

years to life on Counts I and II, and a minimum of five to thirty years on Count IV. Movant acknowledged that he could receive a sentence of life in prison from the court even after pleading guilty. Movant confirmed that he knew he could still go to trial if he wanted to, that he had sufficiently discussed his legal rights with plea counsel, that plea counsel had answered all his questions and had done everything that was asked, that plea counsel was capable of continuing to trial, and that Movant had no criticisms of plea counsel and was satisfied with his legal services.

The court narrated the trial rights Movant was waiving, and Movant confirmed he understood and had no questions. Finally, Movant confirmed that no one had "threatened, intimidated or mistreated [him] or any member of [his] family or in any way forced [him] to plead guilty against [his] own free will[.]" The court accepted Movant's pleas as given "voluntarily and intelligently with a full understanding of the charges and the consequences of the guilty pleas." The court also found that there was a factual basis for the pleas.

On November 30, 2007, the court sentenced Movant, as a persistent offender, to concurrent prison terms of twenty-five years on both Counts I and II and fifteen years on Count IV. In January 2008, Movant filed a pro se motion for post-conviction relief. Through appointed counsel, he filed an Amended Motion to Vacate, Set Aside, or Correct Judgment and Sentence and Request for Evidentiary Hearing (Amended Motion), in which he argued that he was erroneously sentenced as a persistent offender when the State presented no proof and the court made no such finding; and that his guilty plea was involuntary because his plea counsel denied him effective assistance of counsel. For the ineffective-assistance-of-counsel argument, he asserted that plea counsel unreasonably pressured him to plead guilty by telling him he would receive a 100–year sentence if he went to trial, and that, but for plea counsel's coercion, he would not have pleaded guilty.

The motion court granted the Amended Motion in part, determining that Movant was erroneously sentenced as a persistent offender, and overruled it in part. The court overruled Movant's claim regarding the voluntariness of his plea, determining that Movant's assertion that his plea was involuntary and due to unreasonable pressure was refuted by the record. Rather, the court noted Movant was fully informed of his rights, and Movant had testified that his pleas were not the result of threats or coercion and that he understood he could receive a life sentence from the court even after pleading guilty. The court also denied Movant's request for an evidentiary hearing on the voluntariness of his plea, determining that, upon review of the case files and transcript, Movant failed to allege grounds that would entitle him to relief if true and that were not refuted by the record.

This appeal follows.

### Standard of Review

Our review of the denial of a Rule 24.035 motion is "limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 24.035(k); *Weeks v. State*, 140 S.W.3d 39, 44 (Mo. banc 2004). This court will find error only if, after review of the entire record, we have a definite and firm belief that a mistake has been made. *Weeks*, 140 S.W.3d at 44. On review, the motion court's findings and conclusions are presumptively correct. *Wilson v. State*, 813 S.W.2d 833, 835 (Mo. banc 1991).

*Discussion*

In his only point on appeal, Movant claims the motion court clearly erred in denying his Amended Motion without an evidentiary hearing, because he pleaded facts that would warrant relief and were not conclusively refuted by the record. Specifically, Movant argues his counsel was ineffective for unreasonably pressuring Movant to plead guilty on the day trial was scheduled and telling him that he would receive a 100–year sentence after a trial; further, the record reflects that Movant pleaded guilty because he feared a 100–year sentence after a trial. Accordingly, Movant contends the allegations were not "conclusively refuted" by the record but were, in fact, consistent with the existing record, and thus a hearing on his Amended Motion was required under Rule 24.035(h). We disagree.

■ First, the motion court did not err in denying the Amended Motion without an evidentiary hearing. To warrant an evidentiary hearing, movant's motion must meet three requirements: (1) it must contain facts, not conclusions, which, if true, would warrant relief; (2) the alleged facts must not be refuted by the record; and (3) the matters complained of must have resulted in prejudice to the movant. *Simmons v. State,* 100 S.W.3d 143, 145 (Mo. App. E.D.2003). Where the guilty-plea proceedings directly refute that movant's plea was involuntary, then Movant is not entitled to an evidentiary hearing. *Guynes v. State,* 191 S.W.3d 80, 83 (Mo. App. E.D.2006); *see also* Rule 24.035(h) (where motion, files, and case records conclusively show that movant is not entitled to relief, evidentiary hearing is not required).

■ Here, the guilty-plea proceedings show that Movant testified that no one had threatened or intimidated him, and that he understood what his trial rights were and the range of punishment. Movant stated that he believed that an *Alford* plea was in his best interests and that he would get a better result from the judge than from a jury; Movant stated he was pleading guilty because he hoped to avoid a life sentence after a trial, but he acknowledged that he might get life imprisonment after pleading guilty as well. While the court noted an off-the-record comment where Movant stated he was being forced to plead guilty, Movant testified on the record that his plea was voluntary, knowing, and not coerced. Because the facts alleged were refuted by the record, Movant was not entitled to an evidentiary hearing. *Guynes,* 191 S.W.3d at 83.

■ Second, the motion court did not err in denying post-conviction relief on the grounds of ineffective assistance of counsel. After a guilty plea, our review is limited to a determination as to whether the underlying plea was knowing and voluntary, *Loudermilk v. State,* 973 S.W.2d 551, 553 (Mo.App. E.D.1998); and counsel's ineffectiveness is only relevant to the extent it affects the voluntariness of the movant's plea, *Wilkins v. State,* 802 S.W.2d 491, 497 (Mo. banc 1991); *Chaney v. State,* 223 S.W.3d 200, 206 (Mo.App. S.D.2007) (*Alford* plea is treated same as guilty plea where defendant admits to committing crimes charged) (citations omitted).

Here, even assuming that Movant's plea counsel did in fact tell Movant that he would get a 100–year sentence after a trial, this statement does not constitute the type of inducement by fear or persuasion that would render a plea involuntary. *Chaney,* 223 S.W.3d at 206 ("[a] plea of guilty is not made voluntarily if the defendant is misled, or is induced to plead guilty by fraud or mistake, by misapprehension, fear, persuasion, or the holding out of hopes which

prove to be false") (citations omitted). In reaching this conclusion, we are not blind to the inflammatory nature of the facts that would have been presented to a jury: namely, the tender age of Victim, the DNA evidence, and Movant's HIV status. The range of punishment for both Counts I and II was five years to life in prison, and plea counsel acknowledged that it was more likely than not that Movant would be found guilty.

██ "It is the duty of counsel to advise a client of the possible consequences of trial so that the client may make an informed decision as to whether to accept or to reject a plea agreement." *Id.* at 207. Thus, his plea counsel's advice regarding the possible ramifications of completing trial was the type of "mere prediction or advice of counsel" that does not render a guilty plea involuntary. *Loudermilk,* 973 S.W.2d at 554. Moreover, Movant's claim of coercion is refuted by his statements at the plea hearing that he was not threatened, and that he was pleading guilty knowingly and of his own free will. We note, especially, that the motion court initially rejected Movant's *Alford* plea, and accepted it only after confirming that his plea was made knowingly and voluntarily.

The motion did not clearly err in denying Movant's request for post-conviction relief without an evidentiary hearing. *Weeks,* 140 S.W.3d at 44.

Point denied.

### Conclusion

The judgment of the motion court is affirmed.

KURT S. ODENWALD, P.J., and GEORGE W. DRAPER III, J., concur.