**Roy PHILLIPS, Movant/Appellant,**

v.

**STATE of Missouri,**
**Respondent/Respondent.**

**No. ED 95720.**

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 13, 2011.

Andrew E. Zleit, St. Louis, MO, for Movant/Appellant.

Shaun J. Mackelprang, Jamie P. Rasmussen, Jefferson City, MO, for Respondent/Respondent.

SHERRI B. SULLIVAN, J.

*Introduction*

Roy Phillips (Movant) appeals from the motion court's denial without an evidentiary hearing of his amended Motion to Vacate, Set Aside or Correct Judgment and Sentence filed pursuant to Rule 24.035 (Rule 24.035 motion or post-conviction motion).[1] We affirm.

*Factual and Procedural Background*

On December 8, 2007, the State charged Movant with five counts of first-degree statutory sodomy. On November 10, 2008, Movant pleaded guilty to one count of first-degree statutory sodomy in exchange for the State's dismissal of the remaining four counts and a 12–year sentencing cap. The State alleged that between June 1, 2005, and August 1, 2005, Movant had deviate sexual intercourse with B.D., who was less than 14 years of age. At the hearing, Movant stated that during this time period, B.D.'s hand touched his genitals, and that this was "skin-to-skin" contact. Judge Benjamin F. Lewis accepted Movant's plea of guilty and ordered a sentencing assessment report.

On January 12, 2009, the parties appeared for sentencing. When the court asked Movant if there was anything he wanted to say before sentence was imposed, Movant stated he wanted to reverse his plea because felt he had been "railroaded into stuff" he did not understand. Movant acknowledged that he admitted at the plea hearing that B.D.'s hand touched his genitals but stated that it "didn't happen." Movant stated that the victim pulled his shorts down and grabbed him, and that it "wasn't by my cause" that the act occurred. The court set aside Movant's guilty plea, reinstated all of the charges against him, and set the case for trial.

Movant's privately retained counsel, George Gilmore, subsequently withdrew and Movant retained Leah Garabedian (Garabedian) to represent him.

On July 17, 2009, Movant again appeared before Judge Lewis to enter a plea of guilty. Movant pleaded guilty to two counts of second-degree statutory sodomy in exchange for the remaining charges being dropped and the State's recommendation of two consecutive seven-year sentences. The court advised Movant of his trial rights and Movant indicated that he understood those rights. Movant stated that he was satisfied with the services of his attorney, Garabedian, and that there was nothing he asked her to do that she had not done. Movant pled to the facts of the case, and signed a petition to enter a plea of guilty. The court, finding there was a factual basis for the pleas and that the pleas were entered into knowingly, voluntarily, and intelligently, accepted the pleas, and sentenced Movant to two consecutive seven-year sentences.

On January 19, 2010, Movant filed his *pro se* Rule 24.035 motion. On June 21, 2010, appointed counsel filed an amended motion and a request for an evidentiary hearing.

In the amended motion, Movant alleged that he received ineffective assistance of counsel in that his plea counsel, Garabedian, had a financial conflict of interest with him which caused her to fail to conduct

---

1. All rule references are to Mo. R.Crim. P.2010, unless otherwise indicated.

depositions of B.D.'s brother, T.C., or file a motion for change of judge, and caused her to pressure and coerce him to plead guilty instead of going to trial. Movant also alleged that in addition to the financial conflict of interest, plea counsel was ineffective for failing to file the motion for change of judge.

On September 16, 2010, the motion court issued its Judgment and Order denying Movant's motion without an evidentiary hearing. The motion court found that Movant's contentions as to the success of the motion for change of judge were speculative and that the record conclusively refuted all of Movant's allegations. This appeal follows.

## Points Relied On

In his first point on appeal, Movant argues the motion court erred in denying his Rule 24.035 motion without an evidentiary hearing because he pled facts, not conclusions, which the record does not conclusively refute and that entitle him to relief on his claim that plea counsel was ineffective, in that due to financial reasons plea counsel failed to conduct depositions and move for a change of judge, minimized the time she spent on Movant's case, and pressured him to plead guilty.

In his second point on appeal, Movant argues the motion court erred in denying his Rule 24.035 motion without an evidentiary hearing because he pled facts, not conclusions, which the record does not conclusively refute and that entitle him to relief on his claim that plea counsel was ineffective, in that plea counsel failed to file a change of judge following comments by the plea court that reasonably called into question the judge's impartiality toward Movant.

## Standard of Review

Our review of the denial of a Rule 24.035 motion is "limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous." Rule 24.035(k). This Court will find error only if we have a "definite and firm belief that a mistake has been made." *Evans v. State,* 315 S.W.3d 404, 405 (Mo.App. E.D. 2010). We presume the motion court's findings and conclusions are correct. *White v. State,* 57 S.W.3d 341, 343 (Mo. App. E.D.2001). Appellant has the burden of proving error by a preponderance of the evidence. *Buckner v. State,* 35 S.W.3d 417, 420 (Mo.App. W.D.2000).

## Discussion

To obtain an evidentiary hearing on a claim of ineffective assistance of plea counsel, a movant must allege facts, not refuted by the record, showing (1) counsel's performance did not conform to the degree of skill, care and diligence of a reasonably competent attorney, and (2) but for counsel's ineffective performance, there is a reasonable probability that the movant would not have pleaded guilty and would have insisted on going to trial. *Coates v. State,* 939 S.W.2d 912, 914 (Mo. banc 1997). A movant is not entitled to an evidentiary hearing where the guilty plea proceedings directly refute the movant's contention that his plea was involuntary or where the record conclusively shows that the movant is not entitled to relief. *Grace v. State,* 313 S.W.3d 230, 233 (Mo.App. E.D.2010); Rule 24.035(h).

## Point I—Financial Conflict of Interest

On appeal, Movant contends the motion court erred in denying his motion without an evidentiary hearing because the record does not conclusively refute the allegations in his petition that plea counsel's financial conflict of interest affected

her representation, in that the questions posed to Movant at the guilty plea and sentencing hearing by the plea court were too general to conclusively refute his allegations. We disagree.

At the July 2009 hearing, the court explained to Movant his trial rights, including Movant's right to go to trial, Movant's right to be represented by an attorney at every stage of the trial court proceedings, and Movant's right to have counsel appointed to represent him if he could not afford to pay for an attorney. Movant stated that he understood these rights. The following exchange then occurred:

Q. Are you satisfied with the services of your attorney?

A. This attorney, yes, sir.

Q. Has Ms. Garabedian investigated the facts of this case to your satisfaction?

A. Yes, sir.

Q. Has she negotiated this plea to your satisfaction?

A. Yes, sir.

Q. Is there anything you've asked her to do that she has not done?

A. No, sir.

When the court asked Movant if there was anything he wanted to tell the court before he sentenced him, Movant stated, "Just that my first counsel gave me bad advice. That's all." Movant then signed a petition to enter a plea of guilty, assuring the court that he had read the petition and that all of the statements in the petition were true. The petition to enter plea of guilty also includes a statement that he was satisfied with the advice and help that counsel had given him. Plea counsel signed an attached certificate indicating that she had investigated the circumstances of the case and explored all avenues leading to facts relevant to guilt and the penalty.

Movant's contention that there was a financial conflict of interest that affected plea counsel's representation is conclusively refuted by the record. If plea counsel refused to act on Movant's behalf, for financial motivations or otherwise, Movant could have advised the court as such on any of the several opportunities presented to him at the plea and sentencing hearing. Instead, Movant repeatedly and consistently asserted that he was satisfied with counsel's services and that she had done everything that he asked her to do. The fact that Movant made unsolicited complaints about his previous counsel although questioned about the performance of his present counsel indicates that Movant was not afraid to raise his complaints about his attorney's performance with the court. The questions presented by the court and the affirmations in the petition to enter a plea of guilty were sufficiently clear and specific to conclusively refute Movant's allegations that, based on Movant's lack of funds, plea counsel did not depose a witness or file a motion for change of judge as he requested, and she pressured or coerced him to plead guilty. Movant's assertion that he failed to advise the court of counsel's deficiencies because he blamed himself for his lack of funds is undermined by the fact that the court specifically advised Movant that he had the right to have counsel appointed if he could not afford to pay for counsel.

Because the facts alleged by Movant in his post-conviction motion are clearly refuted by the record, the motion court did not err in denying Movant's post-conviction motion without an evidentiary hearing. *Grace*, 313 S.W.3d at 233. Movant's Point I is denied.

*Point II—Motion for Change of Judge*

Following Movant's initial plea of guilty in January 2009, the parties appeared for

sentencing before the same judge, at which point the following exchange occurred.

THE COURT: [Movant], did you have anything else? Do you want to say anything else?

. . .

[MOVANT]: I would like to reverse my plea.

THE COURT: Well, it's too late for that. You've already entered a guilty plea. I don't see any reason. Why should I let you withdraw your guilty plea other than you don't want to go to prison?

[MOVANT]: Well, I feel like I've been railroaded into stuff I don't understand.

THE COURT: Did you do what you told me under oath that you did? When you were here when you entered your guilty plea on November 10th of 2008, you told me under oath that you had deviate sexual intercourse involving a child who was less than 14 years of age at the time. That would be your stepdaughter, right?

[MOVANT]: Yes, sir.

THE COURT: Do you remember telling me that when you were under oath standing right there?

[MOVANT]: I didn't think it was intercourse.

THE COURT: Deviate sexual intercourse meaning her hand and her genitals, your hand and her genitals, whatever it was. You remember that? I do. You told me that you had what amounts under Missouri law to deviate sexual intercourse with this child. Do you remember that?

[MOVANT]: I believe so, yes.

THE COURT: Okay. Now, I found that based on your testimony you were guilty beyond a reasonable doubt. What reason is there for me to allow you to withdraw your guilty plea other than that you don't want to go to prison?

[MOVANT]: Didn't happen.

THE COURT: So now you deny that this occurred what you told me under oath?

. . .

[THE PROSECUTOR]: My notes on the file indicate that he pled guilty to hand to genital contact where the child touched him on his genitals in skin to skin contact. Those are my exact notes from the plea.

[DEFENSE COUNSEL]: That's correct.

THE COURT: Is that what you told me at your guilty plea?

[MOVANT]: Yes, sir.

THE COURT: That is deviate sexual intercourse in the State of Missouri. You made a factual basis for a plea to the charge that was filed against you.

Did you do what you told me at your guilty plea you said you did? Did you do that? Did that happen?

[MOVANT]: She did it.

THE COURT: But you allowed it to happen, right?

[MOVANT]: It wasn't by my cause to make it happen.

THE COURT: You allowed that to happen, correct? You didn't pull away? You didn't do anything?

[MOVANT]: I tried.

THE COURT: How is it that your penis was in reach of this little girl exposed? What in the world would cause an adult man who isn't trying to have deviate sexual intercourse to be in that circumstance?

[MOVANT]: She just pulled down my shorts and grabbed it.

THE COURT: Well, at this point with certain amount of regret I'm going

to find that I have to set aside the guilty plea. All of the charges against you are reinstated and I'm going to set this matter for trial.

. . .

THE COURT: You have a fifty thousand dollar bond that's been posted.

[MOVANT]: Uh-huh.

THE COURT: Now, [Movant], do you have any misunderstanding about the inappropriateness of you touching a child's genitals or a child touching yours whether you think the child is the initiator or not? If you're confused about that, maybe I need to keep you in jail until we have the trial of this matter. Do you have any confusion about that?

[MOVANT]: That she touched me? No, I don't have confusion.

THE COURT: No, about the fact that if there's any touching between you and a child, you're going to go—the consequences of that is that you go to prison, not the child. Do you understand that?

[MOVANT]: Yes.

. . .

THE COURT: So if there's any—I'm also going to add as a condition of your bond and I set the original bond at fifty thousand dollar, but you are not to be in the presence of any person under 18 years of age. Understand that?

[MOVANT]: Yes, sir.

[THE PROSECUTOR]: Judge, it's also my understanding just now that [Movant] has been making contact with not only the victim's mother, but also the children from his previous marriage.

. . .

THE COURT: You're not to have any—you're not to be in their presence or have any contact with them directly or indirectly and if there has been any witness tampering, the State may be filing a motion for a bond reduction, but we're not ready to take that up at this moment. . . .

On appeal, Movant argues that the motion court erred in denying his postconviction motion because his counsel was ineffective, irrespective of any financial conflict, for failing to file a motion for change of judge because the plea court's comments reasonably called into question the judge's impartiality toward Movant.

 Counsel cannot be found to be ineffective for failing to file a meritless motion, *State v. Neal*, 849 S.W.2d 250, 258 (Mo. App. W.D.1993), so Movant must establish that his motion for change of judge would have been granted.

Movant does not allege that he was entitled to an automatic change of judge pursuant to Rule 32.07(b), likely because the alleged prejudicial remarks made by Judge Lewis occurred after the time for filing such a motion. See Rule 32.07(b) (application for change of judge must be filed no later than ten days after the initial plea is entered or within ten days of the designation of the trial judge, whichever is earlier). Thus, to obtain relief, Movant must demonstrate that he would have been entitled to a change of judge for cause.

 Movant argues he was entitled to a change of judge because Judge Lewis admonished him about the inappropriateness of his behavior and expressed regret in setting aside the plea.[2] Movant contends

---

**2.** In his brief, Movant states in a footnote that he included an additional ground for Judge Lewis's recusal in his amended motion, that being Judge Lewis was concurrently presiding over divorce proceedings between Movant and the victim's mother, an endorsed witness against Movant in the criminal proceedings. Movant provides no argument on appeal as to how this is grounds supporting Judge's Lewis's recusal, therefore we do not include this

the court's comments reasonably suggested that the judge had formed an opinion about the true facts of the case and showed bias against Movant's case.

■ The United States and Missouri Constitutions guarantee a criminal defendant an impartial tribunal and due process permits a litigant to remove a biased judge. *State v. Taylor*, 929 S.W.2d 209, 220 (Mo. banc 1996). Rule 2, Canon 3(E)(1) of the Code of Judicial Conduct requires a judge to recuse himself in a proceeding where the judge's impartiality might reasonably be questioned. The test under this provision is whether a reasonable person would have a factual basis to doubt the judge's impartiality. *Taylor*, 929 S.W.2d at 220. A reasonable person is not one who is ignorant of what has happened in the courtroom before the judge but, rather, knows all that has been said and done in the presence of the judge. *Haynes v. State*, 937 S.W.2d 199, 202–03 (Mo. banc 1996). A judge's critical or hostile remarks to a party do not support a claim of bias or partiality; instead the comments must be considered in the context of all the judge's statements and the circumstances before the judge when the statements were made. *Id.* at 204.

■ "Specifically, a disqualifying bias or prejudice is one that has an extrajudicial source and results in an opinion on the merits on some basis other than what the judge learned from the judge's participation in a case." *Worthington v. State*, 166 S.W.3d 566, 579 (Mo. banc 2005). The common thread in cases requiring recusal "is either a fact from which prejudgment of some evidentiary issue in the case by the judge may be inferred or facts indicating the judge considered some evidence properly in the case for an illegitimate

purpose." *Haynes*, 937 S.W.2d at 203–04. "There is a presumption that a judge acts with honesty and integrity and will not preside over a trial in which he or she cannot be impartial." *Worthington*, 166 S.W.3d at 579.

Considered in context, Judge Lewis's remarks regarding Movant's withdrawal of his guilty plea do not display a disqualifying bias or prejudice. After having admitted to the court, in his own words, that the victim's hand made contact with his genitals, the court needed to thoroughly examine Movant as to his assertion that the act did not occur in order to determine whether Movant should be permitted to withdraw his previously entered plea of guilty. During this examination, Movant expressed his belief that, while the contact had occurred, he was not guilty because the victim initiated the contact. After allowing Movant to withdraw his plea of guilty and to remain free on bond pending trial, the court emphasized to Movant that the touching of a child's genitals or a child touching Movant's genitals was inappropriate and a crime. This admonition was entirely reasonable in light of Movant's recent assertion that he believed he was not guilty of a crime based on such conduct because the child was, in his view, the initiator of the contact. The court's remarks and admonitions were appropriate and a minimum safeguard since Movant was living amongst the public, particularly because Movant had attempted to make contact with the victim's mother and his children. The court's comments were in response to Movant's statements to the court, and there is no evidence of bias or prejudice.

Movant has failed to demonstrate that Judge Lewis possessed a disqualifying bias

issue in our analysis. We do note, however, that a judge's adverse rulings and contacts with a defendant in other previous litigation do not form a basis for a claim of bias. *Graham v. State*, 11 S.W.3d 807, 814 (Mo. App. S.D.1999).

or prejudice that would have entitled Movant to a change of judge had the motion been filed. The motion court did not err in denying Movant's post-conviction motion without a hearing based on counsel's failure to file a motion for change of judge. Based on the foregoing, Movant's Point II is denied.

## Conclusion

The judgment of the motion court is affirmed.

ROBERT G. DOWD, JR., P.J., and MARY K. HOFF, J., concur.