

# In the Missouri Court of Appeals
## Eastern District

### DIVISION THREE

| | | |
|---|---|---|
| ANDREW STANLEY, | ) | No. ED102812 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court of |
| | ) | the City of St. Louis |
| vs. | ) | 1322-CC09229 |
| | ) | |
| STATE OF MISSOURI, | ) | Honorable Thomas C. Grady |
| | ) | |
| Respondent. | ) | Filed: May 24, 2016 |

### OPINION

Andrew Stanley appeals from the judgment denying his motion for post-conviction relief without an evidentiary hearing. In three points on appeal, Stanley claims the court erred in denying his motion without an evidentiary hearing because (1) a blind guilty plea is inherently unconstitutional under the Missouri and United States Constitutions, (2) counsel was ineffective for recommending that he enter a blind plea, and (3) his right to effective assistance of counsel and his right to due process were denied when his attorney failed to procure a Portuguese-English interpreter for attorney-client meetings and court proceedings. We affirm.

### Facts

The State charged Stanley with forty-three offenses committed against his two stepdaughters and his biological son, all of whom were minors at the time of the offenses. The State alleged that Stanley's conduct included suffocating the children, striking the children with a

cord and a stick, making them stand in a very cold or very hot shower, and kicking and punching them in the stomach. Stanley pleaded guilty to a number of the charged offenses, including several counts of armed criminal action, child abuse, and endangering the welfare of a child. As a result of Stanley's guilty pleas to these charges, the trial court sentenced him to a total of 134 years in prison.

Stanley was also charged with one count of first-degree statutory sodomy with a victim under the age of fourteen and one count of first-degree assault. These offenses involved Stanley committing statutory sodomy against his oldest stepdaughter and striking her with a baseball bat and Stanley entered a blind[1] *Alford* plea[2] to these charges. The court accepted Stanley's blind *Alford* plea and sentenced him to thirty years for the sodomy count and fifteen years for the assault count.

Stanley is originally from Brazil and came to this country in 1999, at the age of fifteen. English is not his first language. During the plea hearing, the court asked Stanley several questions to determine whether he would be able to understand the proceedings. Based on Stanley's answers in English to these questions, and on his various other statements and use of English throughout the proceedings, the court concluded that Stanley's guilty plea was knowing and voluntary and that he understood the proceedings and the evidence that the prosecutor intended to present against him.

---

[1] A blind plea of guilty is one in which the defendant pleads guilty without any agreement with the prosecutor or court as to the sentence and with an understanding that the trial court could impose any sentence within the authorized range of punishment. *DePriest v. State*, 478 S.W.3d 494, 498 (Mo.App.E.D. 2015).

[2] An *Alford* plea allows a defendant to plead guilty to a charged offense without admitting actual guilt when the record strongly supports a finding of guilt. *Johnson v. State*, 427 S.W.3d 299, 301 (Mo.App.E.D. 2014).

Stanley timely filed a Rule 24.035[3] motion for post-conviction relief. The motion court denied Stanley's motion without an evidentiary hearing. This appeal follows.

## Standard of Review

Appellate review of the denial of a Rule 24.035 motion is limited to a determination of whether the motion court's findings, conclusions, and judgment are clearly erroneous. *Taylor v. State*, 456 S.W.3d 528, 533 (Mo.App.E.D. 2015). The motion court's findings and conclusions are presumptively correct and will be overturned only when this court, after reviewing the entire record, is left with a definite and firm impression that a mistake has been made. *Vaca v. State*, 314 S.W.3d 331, 334 (Mo.banc 2010). After a guilty plea, our review is limited to a determination of whether Stanley's plea was knowing and voluntary. *Taylor*, 456 S.W.3d at 533.

To be entitled to an evidentiary hearing on a post-conviction relief claim, Stanley must (1) allege facts, not conclusions, that, if true, would warrant relief; (2) the facts alleged must raise matters not refuted by the record and files in the case; and (3) the matters complained of must have resulted in prejudice to Stanley. *Tucker v. State*, 468 S.W.3d 468, 473 (Mo.App.E.D. 2015). An evidentiary hearing is not required if the files and records of the case conclusively show that Stanley is entitled to no relief. *Id.*

Where a movant alleges ineffective assistance of counsel following a guilty plea, the movant is not entitled to an evidentiary hearing if an examination of the guilty plea proceedings directly refutes the assertion that the movant's plea was involuntary. *Cain v. State*, 859 S.W.2d 715, 717 (Mo.App.E.D. 1993). In reviewing a motion for post-conviction relief filed pursuant to Rule 24.035, an *Alford* plea is treated no differently than a guilty plea. *Lynn v. State*, 417 S.W.3d 789, 796 (Mo.App.E.D. 2013).

---

[3] All references are to Missouri Supreme Court Rules (2015).

3

To succeed on his ineffective assistance of counsel claim, Stanley must first demonstrate by a preponderance of the evidence that counsel's performance was deficient. *Strickland v. Washington*, 466 U.S. 668, 669 (1984). The standard for assessing an attorney's performance is whether it was reasonably effective assistance, considering the circumstances. *Id.* Stanley must show that counsel's representation fell below an objective standard of reasonableness. *Id.* If Stanley can demonstrate that counsel's performance was deficient, then Stanley must show a reasonable probability that, but for counsel's errors, he would have pleaded not guilty and demanded a trial. *Worthington v. State*, 166 S.W.3d 566, 573 (Mo.banc 2005). A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland*, 466 U.S. at 669.

## I.    Stanley's Blind *Alford* Plea

In points one and two, Stanley argues that his blind *Alford* plea was inherently unconstitutional under the Missouri and United States Constitutions because, he claims, a defendant is entitled to a benefit in exchange for his plea and here he asserts he obtained no benefit. Thus, Stanley further argues, trial counsel was ineffective for recommending that Stanley enter a blind *Alford* plea. We disagree.

As with any guilty plea, an *Alford* plea is valid if it represents a voluntary and intelligent choice among the alternative courses of action open to the defendant. *Lynn v. State*, 417 S.W.3d 789, 796 (Mo.App.E.D. 2013). Furthermore, there is no constitutional requirement that a defendant receive a benefit in exchange for his guilty plea. See *Weatherford v. Bursey*, 429 U.S. 545, 561 (1977); *State v. Eckelkamp*, 133 S.W.3d 72, 75 (Mo.App.E.D. 2004).

In *Grace v. State*, 313 S.W. 3d 230, 233 (Mo.App.E.D. 2010), this Court noted that a defendant may enter a blind *Alford* plea without a plea bargain or other consideration. There, no

4

promises were made to the defendant in connection with plea discussions concerning the charges against him or his possible sentence. *Id.* at 231. While the defendant hoped to avoid a life sentence, he was aware that he could be sentenced to life even after entering an *Alford* plea. *Id.* at 233. He testified that his plea was voluntary, knowing, and not coerced. *Id.* Based on the record, this Court found that the motion court did not err in accepting Grace's blind *Alford* plea, although he received no benefit in exchange for his plea. *Id.*

Similarly, Stanley testified that by entering his blind *Alford* plea, he hoped to receive leniency from the court, though he acknowledged that he did so subject to the entire range of punishment available for the charges against him and that he was aware that he would not be receiving anything in exchange for his plea. Stanley testified that his plea was voluntary, knowing, and not coerced.

Thus, the motion court did not err in denying Stanley's Rule 24.035 motion without an evidentiary hearing because the record conclusively demonstrates that Stanley was entitled to no relief because he voluntarily and intelligently pled guilty; he was not constitutionally entitled to receive any benefit from his blind plea; and, accordingly, counsel's recommendation that he enter a blind *Alford* plea was not deficient. Points one and two are denied.

## II.     Failure to Procure a Portuguese-English Interpreter

In his third point on appeal, Stanley claims that his rights to the effective assistance of counsel and to the due process of law were denied when his attorney failed to procure a Portuguese-English interpreter for attorney-client meetings and for court proceedings, including the plea hearing at issue in this case. We disagree.

It is manifest that every criminal defendant must have a reasonable degree of rational understanding of the proceedings against him, and must have the ability to consult with his

lawyer. *Peeler v. State*, 750 S.W.2d 687, 690 (Mo.App.E.D. 1988). Without such understanding and ability to consult, the defendant is denied the right to be present at his own trial, which right stems from the constitutional commands of due process and from the Sixth Amendment's guarantees of the right to confront and cross-examine adverse witnesses. *See id.* (holding that defendants have a due process and confrontation right to be present at their own trial that is denied when the defendant is subjected to proceedings that he does not understand); *see also* MO. CONST. art. I, sec. 18(a).

With these general principles in mind, we turn to the specific record before us and find that it refutes Stanley's claim that the motion court's determination that he was capable of communicating with his lawyer and understanding the proceedings against him was clearly arbitrary, unwarranted, or erroneous.[4] On this record, we cannot find that his attorney rendered ineffective assistance by failing to procure a Portuguese-English interpreter. The record shows

---

[4] While the record as a whole overwhelmingly demonstrates that Stanley's command of the English language allowed him to fully understand the proceedings, we take note of that portion of the record in which the court asked Stanley several questions regarding current events including the names of the Pope, the Mayor of St. Louis, and the wife of former President Bill Clinton. Again, although Stanley was unable to answer those questions, the remainder of the record overwhelmingly demonstrates his adequate command of the English language. This illustrates that the typical current affairs questions employed throughout Missouri courts to determine a person's competency may not be the most appropriate to determine a person's language fluency. A person's *mental* competency is not the same as a person's *English language* competency. Moreover, a defendant whose first language is not English will likely have been raised in a country with a different judicial and constitutional system than the United States. So, questions in English germane to the defendant's understanding of legal rights such as the right to a jury trial, the right not to testify, and the right to confront witnesses against him, which the defendant may be waiving in the case of a plea, may be helpful to establish an adequate record not only of the defendant's English competency but also of his understanding of his rights.

We note that under the federal Court Interpreters Act, federal courts are required to utilize an interpreter where they determine that a party's understanding of English will inhibit his or her "comprehension of the proceedings or communication with counsel or the presiding judicial officer." 28 U.S.C. § 1827(d)(1) (2006). Although Missouri trial courts are not bound by the specific requirements of this federal law, they may find this standard to be a useful guide in determining whether a defendant needs an interpreter.

6

that each time Stanley addressed the court at his sentencing hearing, he did so in English. Also, during the plea hearing Stanley conferenced with his attorney in English and neither indicated at any time that they were unable to understand one another. Finally, after testifying in English that he was satisfied with the conference he had with his attorney and that he had no complaints about his attorney, Stanley also used English in expressing remorse for his actions and asking for mercy from the court. This conclusively refutes Stanley's claim that he did not understand the court proceedings and was unable to assist in his own defense.

Consequently, the motion court did not clearly err in concluding without an evidentiary hearing that Stanley was not denied effective assistance of counsel and due process because his attorney failed to procure a Portuguese-English interpreter. Point three is denied.

### Conclusion

For the reasons stated above, we affirm the judgment of the motion court.

_____
James M. Dowd, Judge

Robert M. Clayton III, P.J., and
Lawrence E. Mooney, J., concur.