Dannie Jerry DORTCH, Appellant,

v.

STATE of Missouri, Respondent.

No. ED 104940

Missouri Court of Appeals,
Eastern District,
DIVISION ONE.

Filed: October 24, 2017

Lisa M. Stroup, 1010 Market Street, Suite 1100, St. Louis, MO 63101, for Appellant.

Joshua D. Hawley, Attorney General, Gregory L. Barnes, Asst. Attorney General, P. O. Box 899, Jefferson City, MO 65102, for Respondent.

ROBERT G. DOWD, JR., Presiding Judge

Dannie Dortch ("Movant") appeals from the judgment denying his Rule 24.035 motion without an evidentiary hearing. We affirm.

Movant was charged under Section 571.070.1(1) for unlawful possession of a firearm by a felon and under Section 571.030.1(1) for unlawful use of a weapon by carrying it in a concealed manner. These crimes occurred in 2013. Movant pled guilty and was sentenced as a prior and persistent offender to fifteen-year and seven-year terms of imprisonment, to be served concurrently. Movant did not appeal, but filed a motion for post-conviction relief under Rule 24.035. He was appointed counsel, and a timely amended motion was filed.[1] Therein, Movant alleged that plea counsel was ineffective for failing to advise him that the statutes under which he was charged were unconstitutional and that, but for that conduct of counsel, he would not have pled guilty and would have proceeded to trial. Movant also alleged that counsel was ineffective for failing to file motions to dismiss the charges on the grounds that the statutes were unconstitutional. He asserted that these statutes were unconstitutional restrictions on his right to bear arms as provided in Article I, Section 23 of the Missouri Constitution, which had been amended by voter-approval shortly before Movant pled guilty in 2014:

That the right of every citizen to keep and bear arms, ammunition, and accessories typical to the normal function of such arms, in defense of his home, person, family and property, or when lawfully summoned in aid of the civil power, shall not be questioned. The rights guaranteed by this section shall be unalienable. Any restriction on these rights shall be subject to strict scrutiny and the state of Missouri shall be obligated to uphold these rights and shall under no circumstances decline to protect against their infringement. Nothing in this section shall be construed to prevent the general assembly from enacting general laws which limit the rights of convicted violent felons or those adjudicated by a court to be a danger to self or others as result of a mental disorder or mental infirmity.

---

1. The motion court found the amended motion was timely because the deadline for filing was never triggered in this case. Ordinarily, the filing of a certified copy of the transcript of the guilty plea and sentencing would have started the 60-day period in which to file an amended motion. Rule 24.035(g). But the actual transcript of the guilty plea and sentencing was never filed in this case. Although the docket sheet notes "transcript filed," the only document actually filed was a single page indicating that the plea and sentencing hearing "has been transcribed and is now maintained by" the court reporter and stating the name and contact information of the court reporter. This filing does not satisfy Rule 24.03, which states that the circuit clerk shall note the filing of the court reporter's certified transcript "and shall *place the same, as part of the permanent record of the case, in the file* containing the indictment or information." (emphasis added). When the transcript itself is not actually lodged in the court file, the procedures in Rule 24.035 do not function effectively because, as this case illustrates, the deadlines for filing are not triggered and an amended motion can be filed at any time. To avoid frustrating the purpose of the timelines in post-conviction cases, circuit court judges must ensure that the circuit clerks and court reporters comply with Rule 24.03.

The amendment became effective in September of 2014. Prior to that amendment, Article I, Section 23 of the Missouri Constitution provided:

That the right of every citizen to keep and bear arms, in defense of his home, person, and property, or when lawfully summoned in aid of the civil power, shall not be questioned; but this shall not justify the wearing of concealed weapons.

While Movant's post-conviction motion was pending, the Supreme Court held that the amendment does not apply retroactively to crimes that occurred before its effective date. *See State v. Merritt*, 467 S.W.3d 808, 812 (Mo. banc 2015); *see also State v. McCoy*, 468 S.W.3d 892 (Mo. banc 2015) (holding same). Our Supreme Court also pointed out that the amendment did not actually change the level of scrutiny to be applied to restrictions on the right to bear arms; rather, since at least 2010, United States Supreme Court precedent has required that level of scrutiny be applied to this type of legislation regardless of the language in the above provision. *Merritt*, 467 S.W.3d at 812-13 (citing *McDonald v. City of Chicago*, 561 U.S. 742, 750, 791, 130 S.Ct. 3020, 177 L.Ed.2d 894 (2010)). The Court in *Merritt* concluded that Section 570.070.1(1) survived strict scrutiny: "[t]he felon-in-possession law, which bans felons from possessing firearms, with no exceptions other than possessing an antique firearm, is sufficiently narrowly tailored to achieve the compelling interest of protecting the public from firearm-related crime." *Id.* at 816.[2] The motion court here concluded that under the above cases, there was no legal basis for Movant's requested relief and it denied the amended motion without an evidentiary hearing. This appeal follows.

■ On appeal, Movant admits that the pre-amendment version of Article I, Section 23 is the one applicable to his 2013 crimes. He argues that the felon in possession statute and the concealed carry law were subject to strict scrutiny even before the amendment, but they do not survive that analysis because they are not narrowly drawn to express a compelling state interest. To be clear, Movant has *not* directly attacked the constitutionality of either statute by arguing that the alleged unconstitutionality, in and of itself, warrants vacating his convictions and sentences. Rather, the unconstitutionality of the statutes is only asserted in support of his claim that plea counsel was ineffective for failing to advise him of the constitutional challenge and failing to file a motion to dismiss based thereon.

■ To prevail on these claims of ineffectiveness, Movant must demonstrate that counsel's performance did not conform to the degree of skill, care and diligence of a reasonably competent attorney and that he was thereby prejudiced. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). There is a strong presumption that counsel's conduct was within the wide range of reasonable professional representation. *Id.* at 689. Counsel's representation must be evaluated from his or her perspective at the time. *Id.* Specifically, counsel cannot be found to be ineffective for failing to file a meritless motion or for failing to give incorrect legal advice. *See Phillips v. State*, 356 S.W.3d 179, 185 (Mo. App. E.D. 2011).

Movant has failed to establish that a motion to dismiss either of these charges would have been granted at the time of his plea or that there was any authority at that time for him to advise Movant the

---

**2.** The same result was later reached in a challenge under the amended version of Article I, Section 23. *See State v. Clay*, 481 S.W.3d 531, 538 (Mo. banc 2016).

statutes were unconstitutional. These statutes were presumed constitutional, and at the time of Movant's plea—when he claims counsel should have challenged these statute based on the right to bear arms—the existing United States Supreme Court precedent indicated that historically prohibiting felons from possessing weapons and prohibiting carrying weapon in a concealed manner has been deemed constitutional. *See District of Columbia v. Heller*, 554 U.S. 570, 626-27, 128 S.Ct. 2783, 171 L.Ed.2d 637 (2008) (right to bear arms under Second Amendment and analogous state provisions do not "cast doubt on such longstanding prohibitions on the possession of firearms by felons and the mentally ill" and concealed weapon regulations historically have not been prohibited). As to the concealed carry statute, the version of Article I, Section 23 applicable to Movant's case contained the phrase "but this shall not justify the wearing of concealed weapons." This phrase constitutionally prohibited counsel from invoking the right to bear arms as a means of challenging Section 571.030.1(1) and justifying Movant's conduct thereunder. *See Brooks v. State*, 128 S.W.3d 844, 848 (Mo. banc 2004). As to the felon in possession statute, after his plea, Section 571.070.1(1) was found to be a permissible restriction on the right to bear arms under a strict scrutiny analysis in *Merritt*. Rather than explain how or why a court could have or would have reached a different conclusion under the above precedent if counsel had raised the same challenge at the time of his plea, Movant just argues that *Merritt* was incorrect.

In short, Movant's allegations do not warrant relief. As the motion court found and concluded, there was no legal support for any of his claims because a challenge to the constitutionality of these statutes based on Movant's right to bear arms would not have been successful at the time of his plea or now under either version of the constitutional provision or under any level of scrutiny. Thus, the motion court did not clearly err in denying Movant's claims without a hearing. *See McLaughlin v. State*, 378 S.W.3d 328, 337 (Mo. banc 2012) (motion court's presumptively correct ruling will not be overturned for clear error unless we are left with definite and firm impression a mistake has been made).

All points are denied, and the judgment is affirmed.

Sherri B. Sullivan, J. and Kurt S. Odenwald, J., concur.