**Jason CONGER, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 96015.**

Missouri Court of Appeals,
Eastern District,
Division Four.

Oct. 18, 2011.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 5, 2011.

Application for Transfer
Denied Jan. 31, 2012.

Timothy J. Forneris, Assistant Public Defender, St. Louis, MO, for appellant.

Shaun J. Mackelprang, Assistant Attorney General, Jefferson City, MO, for respondent.

PATRICIA L. COHEN, Presiding Judge.

### Introduction

Jason Conger (Movant) appeals the judgment of the Circuit Court of St. Charles County denying his Rule 24.035 motion for post-conviction relief without an evidentiary hearing. Movant asserts that the motion court clearly erred in denying him an evidentiary hearing to consider his claim that he received ineffective assistance of counsel because: (1) plea counsel's desire to obtain payment for her legal services at trial conflicted with Movant's interest in going to trial; and (2) plea counsel failed to investigate a defense based on involuntary intoxication. We reverse and remand for the limited purpose of holding an evidentiary hearing to determine whether, due to a financial conflict of interest, counsel coerced Movant to plead guilty.

### Factual and Procedural Background

The State charged Movant with: first-degree robbery and armed criminal action, Case No. 0811–CR00378–01; resisting arrest, Case No. 0811–CR02569–01; and second-degree burglary and stealing over $500, Case No. 0811–CR00698–01. On May 28, 2009, Movant pleaded guilty to all charges.

At the plea hearing, the plea court explained to Movant his right to a jury trial, and Movant affirmed that he understood those rights and the consequences of his decision to plead guilty. After the prosecutor reviewed for Movant the nature and elements of the charges against him and the ranges of punishment, Movant assured the court that no one had threatened, coerced, or promised him anything, such as a lenient sentence, to induce him to plead guilty. Movant affirmed that he was pleading guilty to first-degree robbery, armed criminal action, resisting arrest, second-degree burglary, and stealing because he was "in fact actually guilty." Movant testified that, on January 17, 2008, he entered Medicine Shoppe, displayed a nine-millimeter handgun, and forcibly stole hydrocodone. Movant also stated that, on September 4, 2007, he entered Wharf Pharmacy "through the rafters" and stole prescription medication. Finally, Movant explained that, while driving on January 17, 2008, Movant knew that a law enforcement officer was attempting to effect a lawful stop, but Movant fled the officer at a speed of 120 miles per hour. After finding that Movant had entered his guilty plea freely and voluntarily, the plea court accepted Movant's plea and found Movant "guilty of the charges beyond a reasonable doubt."

At the sentencing hearing on July 17, 2009, the court sentenced Movant to concurrent sentences of twelve years' imprisonment for first-degree robbery and armed criminal action, to run consecutively with concurrent sentences of three years' imprisonment for second-degree burglary, stealing, and resisting arrest, for a total of fifteen years' imprisonment. The sentencing court then advised Movant of his post-conviction rights and questioned Movant about the assistance he received from plea counsel.

When the sentencing court asked Movant whether he was completely satisfied with plea counsel's services, Movant answered, "In some ways, yes; others, there was more evidence I would like that would have been out there ... Just—just a witness, hours of work, right now I can't think much." In an apparent effort to understand Movant's comment, the plea court asked Movant a series of specific questions relating to counsel's representation. Movant responded that his attorneys explained the charges to him, investigated his cases fully, discussed with him any possible defenses he might have to the charges, interviewed and investigated any witnesses who might have helped with his defense, and did everything Movant asked them to do. Movant stated that he had no complaint, other than what he previously stated, regarding the services provided by counsel. The sentencing court concluded: "Court finds no probable cause on each of these three cases that the defendant has not been effectively represented by counsel."

Movant filed a Rule 24.035 motion for post-conviction relief, which counsel later amended. In his motion, Movant alleged that his plea counsel was ineffective for "coercing him into pleading guilty because [Movant] could not pay plea counsel's legal fees for trial." Movant also claimed that plea counsel was ineffective for "advising [Movant] to plead guilty without investigating [Movant's] defense of involuntary drugged condition...." The motion court found that Movant's claims were refuted by the record and denied the Rule 24.035 motion without an evidentiary hearing. Movant appeals.

### Standard of Review

■ Our review of the motion court's denial of post-conviction relief pursuant to Rule 24.035 is limited to a determination of

whether the motion court's findings and conclusions are clearly erroneous. Rule 24.035(k). As the motion court's findings and conclusions are presumed to be correct, they will be deemed clearly erroneous only if, upon a review of the record, we are left with the firm impression that a mistake has been made. *Roberts v. State*, 276 S.W.3d 833, 835 (Mo. banc 2009). The movant bears the burden of proving by a preponderance of the evidence that the motion court erred. *Stuart v. State*, 263 S.W.3d 755, 757 (Mo.App. S.D.2008).

### Discussion

■ To prevail on a claim of ineffective assistance of counsel, a movant must show that: (1) counsel's performance did not conform to the degree of skill, care, and diligence of a reasonably competent attorney; and (2) counsel's deficient performance prejudiced the movant. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A movant establishes prejudice by demonstrating that but for counsel's ineffectiveness, he would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). When a movant enters a plea of guilty, ineffective assistance of counsel is relevant only to the extent it affected the voluntariness of the plea. *Burnett v. State*, 311 S.W.3d 810, 817 (Mo. App. E.D.2009).

■ A movant is entitled to an evidentiary hearing only if: (1) the movant pleaded facts, not conclusions, warranting relief; (2) the facts alleged are not refuted by the record; and (3) the matters complained of resulted in prejudice to the movant. *Webb v. State*, 334 S.W.3d 126, 128 (Mo. banc 2011). An evidentiary hearing is not required when the files and records of the case conclusively show that a movant is not entitled to relief. Rule 24.035(h).

■ In his first point on appeal, Movant claims the motion court clearly erred when it denied his Rule 24.035 motion without an evidentiary hearing because the record does not refute Movant's allegations that plea counsel's financial interest in obtaining payment for her legal services conflicted with his interest in continuing to plead not guilty. We agree.

■ To prevail on a claim of ineffective assistance of counsel based on a conflict of interest, Movant must show that an actual conflict of interest adversely affected plea counsel's performance. *State v. Roll*, 942 S.W.2d 370, 377 (Mo. banc 1997). "In order to prove a conflict of interest, something must have been done by counsel or something must have been forgone by counsel and lost to defendant, which was detrimental to the interests of defendant and advantageous to another." *Dobbs v. State*, 284 S.W.3d 201, 205 (Mo.App. S.D. 2009) (*quoting Helmig v. State*, 42 S.W.3d 658, 680 (Mo.App. E.D.2001)). "If the movant proves that counsel had an actual conflict of interest affecting counsel's performance, then prejudice is presumed." *Lomax v. State*, 163 S.W.3d 561, 564 (Mo. App. E.D.2005).

■ A defendant's failure or inability to pay legal fees does not automatically give rise to a conflict of interest. *Id.*; *Price v. State*, 171 S.W.3d 154, 157–58 (Mo.App. E.D.2005). Likewise, counsel's statement to a defendant that he or she must pay additional fees to continue receiving counsel's services is not in itself coercive. *Jaegers v. State*, 310 S.W.3d 313, 315 (Mo.App. W.D.2010). However, a financial conflict of interest may arise when a defendant's inability to pay creates a "divergence of interests" between the defendant and counsel such that counsel pressures or coerces the defendant to plead guilty where, absent the coercion,

the defendant would have taken the case to trial. *Price*, 171 S.W.3d at 158; *Lomax*, 163 S.W.3d at 564.

In *Price*, the movant, Cornell Price, filed a Rule 24.035 motion claiming that counsel was ineffective for coercing him to plead guilty because he could not pay counsel's legal fees for trial. 171 S.W.3d at 156. Price further alleged that "counsel's financial interest in getting paid for his trial work conflicted with Price's interest in taking the case to trial" and "counsel had told Price he would not take his case to trial until his legal fees were paid and that when Price told counsel of his financial situation, counsel coerced Price to plead guilty." *Id.* Finally, Price argued that "this created an actual conflict of interest and that he would not have pled guilty if counsel had not coerced him to do so." *Id.* On appeal, this court held that "the allegations in this motion show that Price's inability to pay created a divergence of interests between Price and counsel that affected counsel's performance." *Id.* at 157–58. Because Price "alleged facts, unrefuted by the record, which, if true, warrant[ed] relief and demonstrate[d] prejudice," this court reversed and remanded for an evidentiary hearing on the movant's ineffective assistance of counsel claim. *Id.* at 158.

Like the movant in *Price*, Movant pleaded facts, which if true, entitle him to relief. In his Rule 24.035 motion, Movant alleged: plea counsel filed motions to withdraw from Movant's cases on October 29, 2008 and November 5, 2008, which the plea court denied; Movant's family paid plea counsel a total of $11,500 for Movant's three cases, and Movant believed these payments "included all of the litigation costs for all of the cases"; plea counsel told Movant "it would cost an additional $20,000 to take the cases to trial"; plea counsel pressured Movant to plead guilty by telling him she "would not take his cases to trial until additional legal fees were paid"; Movant could not pay plea counsel's legal fees for trial; and "since plea counsel demanded an additional $20,000 to take his case to trial, he felt that he had to plead guilty." Movant further claimed that, if plea counsel had not coerced his decision to plead guilty, he would have insisted on a trial.

The State counters that Movant is not entitled to an evidentiary hearing on his claim for ineffective assistance of counsel because the record conclusively refutes Movant's allegations that plea counsel's financial conflict of interest affected her representation. Specifically, the State argues that the questions posed to Movant by the plea court at the plea and sentencing hearings were sufficiently specific to refute the allegations set forth in Movant's Rule 24.035 motion.

"To justify the denial of an evidentiary hearing on an ineffective assistance of counsel claim, the record must be 'specific enough to refute conclusively the movant's allegation.'" *Lomax*, 163 S.W.3d at 563 (*quoting State v. Driver*, 912 S.W.2d 52, 56 (Mo. banc 1995)). "A negative response to a routine inquiry regarding whether any promises or threats had been made to induce a guilty plea is too general to encompass all possible statements by counsel to his client." *Id.* However, a motion court properly denies an evidentiary hearing on a motion for post-conviction relief where the movant repeatedly assured the plea court that he was satisfied with counsel's representation and that counsel did everything he requested and the movant was given "ample opportunity to express his duress" to the court. *Jaegers*, 310 S.W.3d at 315.

Again, we look to this court's decision in *Price* because it is factually similar to the present case. In *Price*, before pleading

guilty to possession of heroin and possession of drug paraphernalia with the intent to use, Price testified at the plea hearing that:

[H]e understood he had the right to a trial and the right to have a lawyer represent him throughout a trial, which he understood he was giving up when he pled guilty. Price admitted the facts set forth by the State and indicated to the court that no one had made any threats in order to get him to plead guilty and that he was pleading guilty of his own freewill. Price stated that he was 'always' satisfied with the services of his attorney, that his attorney did everything Price wanted him to do and that he had sufficient time to talk with his attorney.

*Price*, 171 S.W.3d at 156. After sentencing, Price again assured the court that he "was more than satisfied with his attorney." *Id.* On appeal, this court held: "Price's responses to the court's routine inquiries at the plea hearing were too general to conclusively refute the allegation that counsel specifically told Price that he would not take his case to trial until his legal fees were paid." *Id.* at 157. Further, Price's "admission that no threats were made and that he was pleading guilty of his own free will does not refute that counsel made this particular statement. Nor do Price's expressions of satisfaction with counsel conclusively refute the claims in his motion." *Id.* (internal citations omitted). Finally, this court noted that, although Price had stated that he understood he had the right to a trial and the right to have a lawyer represent him throughout a trial, "the record [did] not contain any evidence that Price understood that he had the right to conflict-free representation." *Id.*

Here, Movant testified at the plea hearing that he understood that, by pleading guilty, he was giving up certain rights, including the right to be tried by a jury, confront witnesses, and present evidence. Movant also testified that, before making his statement to the police, he was "advised that [he] had the right to be represented by a lawyer, and if [he] did not have the money to hire one, one would be appointed for [him] before answering any questions ..." However, there is no indication in the record that the plea court or counsel informed Movant that, if Movant could not afford counsel at trial, the court would appoint trial counsel for him. *Cf. Phillips v. State*, 356 S.W.3d 179, 183 (Mo. App. E.D.2011) (holding that the movant's assertion that he failed to advise the plea court of counsel's alleged deficiencies because he blamed himself for his lack of funds was undermined by the fact that the plea court advised the movant that he had the right to appointed counsel if he could not afford to pay for counsel). Nor does Movant's tentative expression of satisfaction with counsel's services refute the allegations contained his Rule 24.035 motion. Based on our review of the record and consistent with this court's decision in *Price*, we conclude that Movant's negative responses to the plea court's routine inquiries at the plea hearing and Movant's admission that he was not threatened or coerced were too general to conclusively refute Movant's allegations that plea counsel told him she would not take his case to trial until he paid additional legal fees and pressured him to plead guilty because he could not afford the cost of trial. Point granted.

█ In his second point on appeal, Movant claims the motion court clearly erred in denying his Rule 24.035 motion without a hearing because the record does not refute his allegations that plea counsel was ineffective for failing to investigate a defense based on Movant's involuntary drugged condition at the time of the

charged crimes. Movant contends that, had plea counsel investigated a defense of lack of criminal responsibility under Section 562.076, Movant would not have pleaded guilty and would have proceeded to trial. In support of this claim, Movant attached to his Rule 24.035 motion the report of Dr. Terry Martinez, a toxicologist, pharmacologist, and pharmacist, who, at plea counsel's request, reviewed a report from a sentencing consultant and considered whether the combination of medications Movant was taking "contributed to his deterioration."[1]

 By pleading guilty, a movant generally waives any complaint he might have about counsel's failure to investigate his case, except to the extent that counsel's inadequate investigation affected the voluntariness and understanding with which the movant entered the plea. *Simmons v. State*, 100 S.W.3d 143, 146 (Mo.App. E.D. 2003). When a movant claims counsel failed to adequately investigate a case, this court considers whether counsel "fulfilled [her] obligation to either conduct a reasonable investigation or to make a reasonable decision that a particular investigation was unnecessary." *Hill v. State*, 301 S.W.3d 78, 82 (Mo.App. S.D.2010) (quotation omitted).

We find that Movant's claim that plea counsel was ineffective in failing to investigate a defense based on involuntary intoxication is refuted by the record. At the sentencing hearing, the plea court asked Movant several questions relating to plea counsel's investigation of Movant's cases. Movant assured the plea court that counsel investigated his cases fully, discussed with him any possible defenses he might have

to the charges, and interviewed or investigated any witnesses whose names he provided her. Furthermore, the attached report by Dr. Martinez indicates that plea counsel did, in fact, investigate the possibility of presenting a defense based on involuntary intoxication. As the motion court noted in its findings of facts and conclusions of law: "Perhaps the fact that Dr. Martinez found that Movant was using illegal street drugs, in addition to his prescribed medications, made this defense unattractive." Point denied.

### Conclusion

The judgment of the motion court is reversed and remanded for further proceedings consistent with this opinion.

GEORGE W. DRAPER III and ROBERT M. CLAYTON III, JJ., concur.

---

1. In his report, dated July 17, 2009, Dr. Martinez wrote that, at the time of the crimes, Movant was taking prescribed anti-seizure, antidepressant, anti-anxiety, and stimulant medications; Movant was self-medicating with illegally obtained Vicodin; Movant "was

over-medicated with a combination of drugs, and the combination did contribute to his deterioration"; and, at the time of the robbery, Movant had not taken Vicodin for five days, and he would have been in narcotic withdrawal."