**Alfonzo NICHOLS, Movant/Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. ED 99171.**

Missouri Court of Appeals, Eastern District, Division Four.

Sept. 24, 2013.

Timothy Forneris, St. Louis, MO, for Appellant.

Dora Fichter, Jefferson City, MO, for Respondent.

LISA S. VAN AMBURG, Presiding Judge.

## INTRODUCTION

Alfonso Nichols ("Movant") appeals from the judgment of the motion court denying his Rule 24.035 motion for post-conviction relief without an evidentiary hearing. On appeal, Movant contends the motion court clearly erred in denying his motion for post-conviction relief without an evidentiary hearing because: (1) the sentencing court abused its discretion when it denied his motion to withdraw his guilty pleas before sentencing; (2) his counsel was ineffective for misleading him into believing he was going to receive a shorter sentence and; (3) his counsel was ineffective for coercing him into pleading guilty. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

The State charged Movant with three counts of robbery in the first degree, in violation of section 569.020, RSMo (2000);[1] three counts of armed criminal action, in violation of section 571.015; three counts of kidnapping, in violation of section 565.110, RSMo (Cum.Supp.2006); two counts of attempted kidnapping, in violation of section 564.011; one count of robbery in the second degree and one count of attempted robbery in the second degree, in violation of section 569.030. On August 4, 2011, Movant withdrew his former pleas of not guilty to all thirteen counts and entered pleas of guilty.

Movant was sentenced to a total of sixty years' imprisonment.[2] Following sentencing, Movant timely filed a pro se motion for post-conviction relief. Thereafter, appointed counsel filed an amended motion and request for an evidentiary hearing asserting the same errors raised in this appeal.

After considering Movant's motion for relief, the motion court denied his request without an evidentiary hearing, holding that he was precluded from arguing the sentencing court erred in denying his motion to withdraw his guilty pleas in a post-conviction motion and that the record refuted his remaining two points. Movant now appeals.

## STANDARD OF REVIEW

Our review of the denial of a post-conviction motion is limited to a determination of whether the findings of fact and conclusions of law are clearly erroneous. Rule 24.035(k); *Feldhaus v. State,*

---

1. Unless otherwise indicated, all further references are to RSMo 2000.

2. The court sentenced Movant to consecutive terms of thirty years' imprisonment as to Counts I and II, to run concurrently with sentences of thirty years' imprisonment for Counts III through IX and XII, as well as fifteen years' imprisonment for Counts X, XI and XIII.

311 S.W.3d 802, 804 (Mo. banc 2010). A motion court's findings are presumed correct and we will overturn the ruling only if we are left with a definite and firm impression that a mistake has been made. *Grace v. State,* 313 S.W.3d 230, 232 (Mo.App.E.D. 2010). "We presume that the motion court's findings and conclusions are correct, and defer to the motion court's determinations of credibility." *Hurst v. State,* 301 S.W.3d 112, 117 (Mo.App.E.D.2010) (quoting *Clay v. State,* 297 S.W.3d 122, 124 (Mo.App.S.D.2009)).

## DISCUSSION

In his first point, Movant contends the motion court clearly erred in denying his claim without a hearing because the sentencing court abused its discretion when it denied his motion to withdraw his guilty pleas. We disagree.

 To be entitled to an evidentiary hearing, the movant must satisfy a three-prong test: (1) he must allege facts not conclusions which, if true, would warrant relief; (2) the facts must not be refuted by the record; and (3) the matters complained of must have prejudiced the movant. *Smith v. State,* 353 S.W.3d 1, 3 (Mo. App.E.D.2011). "If the motion court determines that the files and record of the case conclusively show that the movant is entitled to no relief, a hearing shall not be held." *Id.*

 As to Point I, the facts alleged by Movant do not warrant relief. An order denying a defendant's motion, made before sentencing, to withdraw his plea of guilty is an appealable order. *Wilder v. State,* 301 S.W.3d 122, 126–127 (Mo.App. E.D.2010); *Belcher v. State,* 801 S.W.2d 372, 374 (Mo.App.E.D.1990). "Where a defendant fails to appeal an order denying his motion to withdraw his plea of guilty, he is precluded from raising that issue in a post-conviction motion." *Wilder,* 301

S.W.3d at 127. Here, because Movant failed to appeal the sentencing court's denial of his motion to withdraw his pleas of guilty, he is precluded from raising this issue in a motion for post-conviction relief. Accordingly, we find no error. Point denied.

Movant's second and third points address the same facts in the record and are therefore taken together. Movant contends the motion court erred when it denied his motion for post-conviction relief without a hearing because his plea counsel was ineffective for both misleading him and coercing him into pleading guilty. Specifically, Movant contends his counsel misled him into believing he would have received a shorter sentence in exchange for his guilty pleas as well as coerced him into pleading guilty by informing him he would be convicted based on the evidence if he went to trial. We disagree.

 To be entitled to relief based on a claim of ineffective assistance of counsel, a movant must establish both deficient performance and prejudice. *Bell–El v. State,* 386 S.W.3d 194, 197 (Mo.App.E.D.2012). "When pleading guilty, a movant waives any claim that defense counsel was ineffective except to the extent that counsel's conduct affected the voluntariness and knowledge with which the plea was made." *Berry v. State,* 336 S.W.3d 159, 163 (Mo. App.E.D.2011). "A movant is not entitled to an evidentiary hearing where the guilty plea proceedings directly refute claims the plea was involuntary." *Carter v. State,* 320 S.W.3d 177, 181 (Mo.App.E.D.2010).

 "To justify the denial of an evidentiary hearing on an ineffective assistance of counsel claim, the record must be 'specific enough to refute conclusively the movant's allegation.'" *Conger v. State,* 356 S.W.3d 217, 222 (Mo.App.E.D.2012) (quoting *Lomax v. State,* 163 S.W.3d 561, 563 (Mo.App.E.D.2005)). "A negative re-

sponse to a routine inquiry regarding whether any promises or threats had been made to induce a guilty plea is too general to encompass all possible statements by counsel to his client." *Conger*, 356 S.W.3d at 222. "However, a motion court properly denies an evidentiary hearing on a motion for post-conviction relief where the movant repeatedly assured the plea court that he was satisfied with counsel's representation and that counsel did everything he requested and the movant was given 'ample opportunity to express his duress' to the court." *Id.* (quoting *Jaegers v. State*, 310 S.W.3d 313, 315 (Mo.App.W.D. 2010)).

Here, the record before the motion court included the transcript of Movant's guilty pleas and sentencing. At the plea hearing, the court interrogated Movant to determine his understanding and the voluntariness of his guilty pleas. Movant responded in the affirmative when the court asked, "do you understand that if these sentences were not put together you could get all the way up to at least 30 years to life. . . . [and] if they were all put together you could get somewhere in the range of 250 years?" The State recommended a sentence of life, and Movant responded he understood when the court queried, "do you understand that whatever sentence I give you could be greater than or less than or the same as what the State is recommending?"[3] Movant testified he was satisfied with the services of his counsel, he was not coerced into pleading guilty, nobody promised him anything concerning his sentence or the number of years he would be sentenced and he had no complaints about his counsel's representation. The court accepted his pleas and deferred sentencing to a later date.

At his sentencing hearing, the court imposed the sentence and then posed several questions to Movant. In response, Movant repeated there had been no threats or promises made to induce him to plead guilty. The court and Movant then engaged in a dialogue concerning his expectation of the sentence received:

THE COURT: Any discussion of what percentage of whatever sentence you got you would have to do in the Missouri Department of Corrections, assuming you got sentenced?

[MOVANT]: Some numbers were threw [sic] out but that wasn't a guarantee, Your Honor, of, you know, it was just speculation.

THE COURT: So the decision to plead guilty was your decision?

[MOVANT]: Your Honor, my initial decision if you check the records was to go to trial, that was my initial.

THE COURT: You appeared in front of Judge McCullough—

[MOVANT]: Right.

THE COURT:—to plead guilty.

[MOVANT]: Right.

THE COURT: That plea didn't happen, correct?

[MOVANT]: Yes, sir.

THE COURT: Then you appeared in front of me back in August and that plea did happen, correct?

[MOVANT]: Yes, sir.

THE COURT: Did you lie to me at that time?

[MOVANT]: Yeah.

THE COURT: You did?

[MOVANT]: Yeah.

THE COURT: What did you lie to me about?

[MOVANT]: I was pleading guilty in hopes of trying to get like 20 years or so, that's why.

THE COURT: That's different than did you lie to me.

---

**3.** There was no plea agreement between the State and Movant. Therefore, Movant's guilty pleas were "blind;" not the result of a plea bargain with the State.

[MOVANT]: Yeah, well, I mean that was—I'm just being honest with you.

THE COURT: No, the question was did you lie to me?

[MOVANT]: Yeah, I lied to you.

THE COURT: You did? And what did you lie about?

[MOVANT]: The amount of time I wanted to get.

THE COURT: That's the only thing you lied about?

[MOVANT]: Yeah, I mean.

. . . .

[MOVANT]: Yeah.

THE COURT: The only thing you lied to me about—

[MOVANT]: That was the only thing.

 Both at the plea and sentencing hearings, the court's questions to Movant were specific enough to elicit answers that directly refute Movant's claims that he was misled or coerced. At the plea hearing, the court specifically informed Movant of the permissible maximum range of punishment and that he was subject to a sentence anywhere within that range. Movant testified he understood and assured the court his pleas were voluntarily entered. Later, at sentencing, after sentence was imposed, Movant said that although he hoped for a twenty-year sentence, he understood this was no guarantee and any discussion he had of receiving a specific sentence was "just speculation."[4] Neither a disappointed expectation of a lesser sentence, nor a mere erroneous prediction by counsel of the length of the sentence is sufficient to render a guilty plea involuntary. *Gold v. State,* 341 S.W.3d 177, 181 (Mo.App.S.D. 2011).

 Despite repeated opportunities to do so, Movant never indicated that he was pressured into pleading guilty. Movant stated to the plea court that he had spoken with his counsel enough to know whether he wanted to plead guilty, his decision to plead guilty was of his own free will, and nobody threatened him to do so. After he was sentenced, Movant was again given the opportunity to indicate whether his pleas of guilty were coerced. Instead, he specifically stated that his pleas were not a result of threats or promises. He further stated that his lawyer answered all his questions, he was afforded enough time to discuss his charges with his lawyer, and aside from a delay in paperwork granting him access to the prison law library, his lawyer "fulfilled everything else" asked of him. *See Nesbitt v. State,* 335 S.W.3d 67, 69 (Mo.App.E.D.2011) (holding no coercion where counsel told movant his conviction was likely because movant stated he understood full range of punishment and no one threatened him to plead guilty). Because the record here clearly refutes Movant's assertion that he was misled by counsel or coerced into pleading guilty his allegations of ineffective assistance of counsel lack merit. Accordingly, no evidentiary hearing was required. Points II and III are denied.

## CONCLUSION

The judgment is affirmed.

PATRICIA L. COHEN, and GARY M. GAERTNER, JR., JJ., Concur.

---

4. The court's inquiry of Movant as to whether or not he had lied to the judge during the previous plea hearing raises no due process concerns because it took place *after* the sentence was imposed. We therefore consider Movant's responses to the court's inquiry only for the purpose of determining whether he had a reasonable expectation of a shorter sentence.