

# In the Missouri Court of Appeals
## Eastern District

### DIVISION TWO

| | | |
|---|---|---|
| MICKEY H. MITCHELL, | ) | No. ED100563 |
| | ) | |
| Movant/Appellant, | ) | Appeal from the St. Louis County |
| | ) | Circuit Court |
| vs. | ) | |
| | ) | Honorable Michael T. Jamison |
| STATE OF MISSOURI, | ) | |
| | ) | Filed: August 26, 2014 |
| Respondent. | ) | |

### Introduction

Mickey H. Mitchell (Movant) appeals the motion court's denial, without an evidentiary hearing, of his Rule 24.035 amended motion for post-conviction relief. In his sole point relied on, Movant contends that the motion court erred by denying his motion without an evidentiary hearing because counsel pressured him into entering his guilty plea, thereby rendering his plea involuntary, and that, but for counsel's deficient performance, Movant would not have pleaded guilty but would have proceeded to trial. We affirm.

## Factual Background

In December 2003, Movant had deviate sexual intercourse with an eight-year-old victim. Once the victim disclosed the abuse, police contacted Movant and Movant, after receiving his *Miranda*[1] rights, confessed to the sexual contact. Movant was indicted in April 2010 and, in May 2011, Movant entered a blind plea of guilty to first-degree statutory sodomy.[2] The circuit court accepted the plea and, at a later hearing, sentenced Movant to 15 years' imprisonment in the Department of Corrections.

In August 2011, Movant filed a *pro se* Rule 24.035 motion seeking post-conviction relief. Subsequently, appointed counsel filed an amended motion alleging that defense counsel's performance was "ineffective for pressuring [Movant] to enter a plea of guilty even though [Movant] wanted to proceed to trial to prove his innocence" and that "[b]ut for counsel's ineffectiveness, [Movant] would not have entered a plea of guilty, but would have insisted on going to trial." The motion court denied the motion without an evidentiary hearing, finding that "the record clearly refutes Movant's claim that he was pressured into pleading guilty . . . ." This appeal followed.

## Standard of Review

We review the denial of a Rule 24.035 post-conviction motion to determine whether the findings of fact and conclusions of law of the motion court are clearly erroneous. Rule 24.035(k). Findings and conclusions are clearly erroneous if, after a

---

[1] *Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L.Ed.2d 694 (1966).

[2] Movant's plea was "blind" because there was no plea agreement between the State and Movant.

review of the entire record, we are left with the definite and firm impression that a mistake has been made. *Mullins v. State*, 262 S.W.3d 682, 684 (Mo. App. E.D. 2008).

## Discussion

In his sole point, Movant contends that the motion court clearly erred by denying his motion for post-conviction relief without an evidentiary hearing because counsel rendered deficient performance by pressuring Movant into pleading guilty. Movant maintains that counsel's performance rendered his guilty plea involuntary, unknowing, and unintelligent and, but for counsel's advice, Movant would not have pleaded guilty and would have proceeded to trial. In response, the State asserts that the motion court did not clearly err by denying Movant's motion without an evidentiary hearing because the record refutes Movant's claim that counsel rendered ineffective performance.

"In order to be entitled to an evidentiary hearing on a Rule 24.035 motion, the movant must satisfy a three-prong test: (1) he must allege facts not conclusions which, if true, would warrant relief; (2) the facts must not be refuted by the record; and (3) the matters complained of must have resulted in prejudice to the movant." *Smith v. State*, 353 S.W.3d 1, 3 (Mo. App. E.D. 2011). If the motion court determines that the record conclusively establishes that the movant is not entitled to relief, then the motion court shall deny an evidentiary hearing. Rule 24.035(h).

"To prevail on a claim of ineffective assistance of plea counsel, a movant must show that (1) counsel's performance did not conform to the degree of skill, care, and diligence of a reasonably competent attorney, and (2) counsel's deficient performance prejudiced the movant." *Burnett v. State*, 311 S.W.3d 810, 817 (Mo. App. E.D. 2009).

3

"When pleading guilty, a movant waives any claim that defense counsel was ineffective except to the extent that counsel's conduct affected the voluntariness and knowledge with which the plea was made." *Nichols v. State*, 409 S.W.3d 566, 569 (Mo. App. E.D. 2013) (citation and quotations omitted). To establish prejudice where a movant has pleaded guilty, the movant must show that but for counsel's errors, he would not have pleaded guilty and would instead have insisted on proceeding to trial. *Smith*, 353 S.W.3d at 3.

Further, a movant is not entitled to a post-conviction evidentiary hearing on an ineffective assistance of counsel claim if the guilty plea proceedings directly refute the movant's claims that the plea was involuntary. *Wilder v. State*, 301 S.W.3d 122, 127 (Mo. App. E.D. 2010). "To justify the denial of an evidentiary hearing on an ineffective assistance of counsel claim, the record must be 'specific enough to refute conclusively the movant's allegation.'" *Nichols*, 409 S.W.3d at 569 (citation omitted). "[A] motion court properly denies an evidentiary hearing on a motion for post-conviction relief where the movant repeatedly assured the plea court that he was satisfied with counsel's representation and that counsel did everything he requested and the movant was given ample opportunity to express his duress to the court." *Id*. at 570 (citation and quotations omitted).

At the plea hearing, Movant indicated that defense counsel had "advised [Movant] as to all aspects of this case, including [Movant's] legal rights" and that Movant had had "enough time before deciding" that he wanted to plead guilty. When asked whether he had had "sufficient time" to discuss the case with his attorney, Movant initially answered, "Not really," but then clarified that he had had enough time to "just now" discuss the case

4

with his attorney.  Movant also repeatedly confirmed that he understood that, by pleading guilty, he was waiving his rights to a jury trial, to be presumed innocent, and to present and confront witnesses.  After the State announced the evidence against Movant, which Movant affirmed to be substantially true and correct, the following colloquy occurred:

> THE COURT:  Do you understand that the Court will not accept a plea of guilty from anyone who claims to be innocent?
>
> [MOVANT]:  Yes, your honor.
>
> THE COURT:  Have any threats or promises been made to you to induce you to plead guilty?
>
> [MOVANT]:  No, Your Honor.

After Movant again admitted to the circuit court that he committed the offense, the circuit court asked defense counsel whether there was "any reason why the Court should not accept [Movant's] plea of guilty?" to which defense counsel responded, "No, Your Honor."  When the circuit court asked Movant whether he had any questions, Movant responded, "No, Your Honor."  The circuit court then accepted Movant's plea as "freely, voluntarily and intelligently made with a full understanding of the charge and the consequences of the plea . . . ."

Two months later at the sentencing hearing, the circuit court asked Movant whether he had anything to say before the court announced the sentence, to which Movant responded, "No."  Regarding counsel's performance, Movant testified as follows:

> THE COURT:  Did you have sufficient time to discuss this case with your attorney prior to entering your plea of guilty in this matter?

5

[MOVANT]:  Yeah.

THE COURT:  Did your attorney do the things that you asked him to do prior to entering your plea of guilty?

[MOVANT]:  Yes.

\*          \*          \*

THE COURT:  Other than the plea, did your attorney communicate any threats or promises to you to induce you to enter your plea of guilty?

[MOVANT]:  No.

THE COURT:  Are you satisfied with the services rendered by your attorney?

[MOVANT]:  Yes.

THE COURT:  Is there anything you wish to add concerning the assistance you received from your attorney?

\*          \*          \*

[MOVANT]:  No.  He did good.

THE COURT:  Is there anything that you wish me to consider concerning your representation by your attorney before I determine whether or not probable cause exists to believe that you received ineffective assistance of counsel?

[MOVANT]:  No.  I'm okay.

Movant's answers to the circuit court's questions at both the plea and sentencing hearings directly refute Movant's assertion that defense counsel pressured Movant to enter his plea of guilty.  At the plea hearing and again at the sentencing hearing, Movant indicated that he had had sufficient time to discuss the case with defense counsel before deciding to plead guilty.  Movant also confirmed at both hearings that no threats or

6

promises had been made to induce him to enter his guilty plea, which directly refutes Movant's claim that his plea was the result of pressure from counsel. Moreover, the circuit court gave Movant repeated opportunities at both the plea and sentencing hearings to inform the court that he had been pressured into pleading guilty. Movant, however, never indicated that his plea was the result of coercion or "pressure" and instead unequivocally indicated that he was fully satisfied with counsel's performance.

Despite Movant's repeated assertions that he was satisfied with counsel's performance and that his plea had not been induced by threats or promises, Movant asserts that the facts of the instant case warrant relief because the circuit court did not specifically ask him whether he had been "pressured" into entering his plea. This fact does not nullify the abundant evidence on the record directly refuting Movant's claim that his plea was involuntarily made. It is true that "[a] negative response to a routine inquiry regarding whether any promises or threats had been made to induce a guilty plea is too general to encompass all possible statements by counsel to his client." *Conger v. State*, 356 S.W.3d 217, 222 (Mo. App. E.D. 2011) (citation and quotations omitted). However, in a case like the present, where Movant repeatedly indicated that his plea was not induced by threats or promises, affirmed that he was satisfied with counsel's assistance, made assurances that counsel did everything Movant requested, and made no complaints despite being given "ample opportunity to express his duress" to the court, an evidentiary hearing is properly denied. *See id*. (citation omitted).

Under the circumstances, the record clearly refutes Movant's claim that counsel pressured him into pleading guilty. Accordingly, no evidentiary hearing was required

7

and the motion court did not err by denying Movant's post-conviction motion without an evidentiary hearing. Point denied.

## Conclusion

The judgment is affirmed.

_____
Philip M. Hess, Judge

Sherri B. Sullivan, P.J. and
Mary K. Hoff, J. concur.